(18 Misc. Rep. 339.)

## PEOPLE v. LYONS.

(Court of General Sessions, New York County. October, 1896.)

LARCENY—IMPLEMENTS—SHOPLIFTER'S BAG.

A shoplifter's bag is not an "implement adapted, designed or commonly used for the commission of" larceny (Pen. Code, § 508), which it is a misdemeanor to have in one's possession.

Sophie Lyons was indicted, under Pen. Code, § 508, for having in her possession a bag alleged to be an implement adapted, designed, and commonly used for the commission of the crime of larceny. Defendant demurs to the indictment on the ground that it did not state facts sufficient to constitute a crime. Sustained.

George Gordon Battle, Asst. Dist. Atty., for the People, contended:

That while the question is a novel one, yet the shoplifter's bag is a bag of a peculiar character, adapted, designed, and commonly used for the commission of the crime of larceny. It affords a means for completing that crime, and especially of taking and carrying away, namely, asportation, which is an essential element in the crime of larceny.

Frederick House, for defendant, contended:

That the possession of a shoplifter's bag by defendant does not bring her within the provisions of the section. The most that can be urged is that such a bag is an instrument which, if used for any purpose, is used to conceal the fruits of, and not to commit the crime of, larceny. To put stolen property into the bag after a theft has been committed is not such an act as to bring the bag within the designation of the section.

McMAHON, J. (orally). It is a little doubtful to my mind whether the question as to whether the bag such as is described here would come under the definition of the statute, as being an implement, is not a question of fact, for a jury to determine. On the other hand, it is a question of law, in this aspect: What was the intent of the legislature in enacting this particular section? Now, this section creates a new statutory crime, and, of course, must be construed strictly as against the people, and literally as it affects the individual. The caption of the section is, "Possessing Burglar's Instruments," etc., and the section reads:

"A person who makes or mends, or causes to be made or mended, or has in his possession in the day or night time, any engine, machine, tool, false key, picklock, bit, nippers or implements adapted, designed or commonly used for the commission of burglary," etc.

In the ordinary acceptation of the words of the English language, I think no one would naturally, and in ordinary conversation, describe a muslin bag as an implement or a tool or an engine or an instrument. The question of law, however, is, did the legislature, in passing that enactment, mean to include under the somewhat generic word "implement" a bag such as is described in this indictment? In another section of the Penal Code, where there is a description of the manner and method by which an offense may be committed (section 218, par. 4), the following language is used: "Willfully and wrongfully assaults another by the

use of a weapon or other instrument or thing likely to produce grievous bodily harm." If the legislature, in the section under consideration, had employed those words, "or thing," it would most surely cover the offense charged here, and this bag would come under that description; and from the fact that the legislature, in one section of the same enactment, the Penal Code, uses a generic word that covers every possible article or contrivance, and in another uses a word of much more limited significance, it is fair to infer that the distinction made was intentional.

In this aspect of the case (while in the other I would prefer to submit to the jury, as one of fact, the question as to whether this bag is an implement adapted, designed, or commonly used for the commission of larceny or other crime), I will hold that it does not appear from the context that the legislature had in view that particular thing or contrivance, in making the enactment under which the indictment is laid, and I therefore sustain the demurrer.