Per Curiam.

Motion made at the end of the entire case is denied; the defendant is convicted.
The defendant was charged with a violation of section 408 of the Penal Law in that he possessed a tool or implement designed, adapted and commonly used in the commission of a burglary, larceny, or other crime under circumstances evincing an intent to use the same.
In support of the People’s case, Detective Keeney testified that on August 26, 1958 at about 3:10 p.m. he saw the defendant in the vicinity of 59th Street and Third Avenue, a Woolworth store. The defendant was carrying a box at the time. The defendant came out of the store and walked around the corner and re-entered the store by another entrance. While in the store he laid the box down on a counter. The defendant then exited and walked through various streets, looking into stores, and then entered Lamston’s five and ten cent store on 51st Street and Madison Avenue. He lounged around the counter of the store for about 20 minutes and then left. The detective approached him at 51st Street and Madison Avenue and asked him what was in the box. It was empty. The box was received in evidence, and is made of cardboard, covered with a brown paper, and appears to be tied completely on all sides with heavy cord. Inspection reveals that the bottom of the box opens on a hinge when the cord is pulled. The defendant stated that a friend of his had designed the box for the express purpose of shoplifting. The defendant admitted that he had brought this device into the store to “boost,” that is, to shoplift, and his only complaint was that it had not functioned too well.
*191 The officer was qualified as an expert witness and he testified that in his opinion the box was an instrument adaptable for the commission of a theft. He demonstrated that when placed over desired merchandise the contrivance was workable, and that the malfunction was due to the defendant’s ineptitude rather than to any defect of manufacture.
The sole contention raised by the defendant is whether this article is an implement within the purview of section 408 of the Penal Law. Section 408 of the Penal Law in part prohibits the possession with unlawful intent of ‘1 any engine, machine, tool, false key, picklock, nippers or implements adapted, designed or commonly used for the commission of burglary, larceny or other crime ”.
The defendant claims that this section does not include a box or receptacle such as the article which he had in his possession. For this contention he relies upon People v. Lyons (18 Misc. 339 [1896]) and two decisions rendered in the Court of Special Sessions, New York County; People v. James Fenner (Docket No. 3817/58) and People v. Nurse (Docket No. 16224/57).
In the Lyons case (supra) the article in question was a muslin bag used for shoplifting purposes, and the court held, in effect, that this was not a burglar’s tool. In the Nurse case the article in question was a box with a slit in it; while in the Fenner case the box was described as being designed for shoplifting.
“ Implements ” are defined as “ Such things as are used or employed for a trade, or furniture of a house * * * whatever may supply wants: particularly applied to tools, utensils, vessels, instruments of labor; as the implements of trade or of husbandry:”. (Bouvier’s Law Dictionary [Rawle’s 3d rev.].)
The court has considered the cases cited by the defendant, but finds that the statutory language is sufficiently broad to cover the article in question here. This object could implement the performance of a larceny, and the unlawful intent is abundantly supplied by the surrounding circumstances, as well as the defendant’s admission.
Canella, P. J., Bossbach and Creel, JJ., concur.
Motion denied, etc.