# THE STATE OF NEVADA, Respondent, v. RAYMOND W. LOGAN, Appellant.

No. 3236

November 5, 1938.          83 P. (2d) 1035.

*Harlan L. Heward,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Allan Bible,* Deputy Attorneys-General; *Ernest S. Brown,* District Attorney; and *Nash P. Morgan,* Assistant District Attorney, for the State:

## OPINION

By the Court, DUCKER, J.:

The appellant was convicted of the crime of attempting to obtain narcotic drugs by fraud. His appeal is from the judgment and order denying his motion for a new trial. It purports also to be from an order of the court denying his motion to quash and set aside the information, and from an order denying his motion in arrest of judgment. The charging part of the information is as follows:

"That said defendant on the 30th day of March, A. D. 1938, or thereabouts, and before the filing of this information, at and within the County of Washoe, State of Nevada, did then and there wilfully, unlawfully and feloniously attempt to obtain a narcotic drug, to wit, morphine, by fraud, deceit, misrepresentation and subterfuge in this: That on the 30th day of March, 1938, the said defendant did unlawfully obtain a prescription blank from the office of Donald Maclean, M.D., in Reno, Washoe County, Nevada, and did complete and fill out said prescription blank as follows:

" 'DONALD MACLEAN, M.D.
" '605–606 Medico-Dental Building,
" 'Reno, Nevada,
" 'Res. Phone 3735                    Office Phone 5701
" 'For Mrs. B. O. Lane
" 'Address 623 California St.
" 'R. Morph Sulph gr V (¼ gr. hyp)

" 'Nurse in attendance will administer as prescribed one tab. every four (4) hours in case of excessive pain. " 'For colitis

" 'D. Maclean, M.D.
" 'Date 3-30-38.                Reg. No. 4207.
" 'Take this to Hilp's Drug Store
" '127 N. Virginia St.
" 'Prescription Specialists
" 'Phone 6104.'

"That the defendant did then and there know at that time that the name, 'Mrs. B. O. Lane, 623 California Avenue' and the name 'D. Maclean' were fraudulent and placed on said prescription was a forgery, that the said defendant did then and there on the said day unlawfully, wilfully, and feloniously present said prescription to Hilp's Drug Store in Reno, Washoe County, Nevada, and requested said Hilp's Drug Store in Reno, Washoe County, Nevada, at said time to fill said prescription but that said prescription was not filled by reason of the fact of said Drug Store discovering said fraud and misrepresentation aforesaid and had the said defendant arrested."

■ The first error assigned is the order of the court denying appellant's motion that a preliminary examination be had. This motion was made and denied at the time appellant appeared to answer the information. The time for entering his plea was continued to the following day on which the same motion was included in a motion to set aside, quash and dismiss the information. Both were denied. It is not contended that a preliminary examination was in fact denied appellant, but that because the committing magistrate did not require the testimony given to be taken down in writing, or employ a stenographer to take down all the testimony and proceedings and to make a true and correct transcript of the same into longhand or typewritten manuscript, there was no legal preliminary examination. The

statute relied on as requiring such procedure at a preliminary examination is section 10775, Nevada Compiled Laws, as amended by Statutes of 1933, p. 126, c. 101. In part it reads:

"The witnesses must be examined in the presence of the defendant, and may be cross-examined in his behalf. If either party so desires, the examination must be by interrogatories direct and cross; provided, by consent of the parties the testimony may be reduced to writing in narrative form. The magistrate, if he deem it necessary for the best interests of justice, and upon the approval of the district attorney, is authorized to employ a stenographer to take down all the testimony and the proceedings on said hearing or examination, and within such time as the court may designate have the same transcribed into long hand or typewritten transcript. The stenographer employed as aforesaid shall be sworn by the magistrate before whom such proceedings are held to take down in shorthand, verbatim, truthfully and correctly such proceedings and testimony, and to make a true and correct transcript of the same into long hand or typewritten transcript. When the testimony of each witness is all taken and transcribed, the same must be read over to the witness and corrected as may be desired, and then subscribed by the witness; or if he refuses to sign it, the fact of such refusal, and any reasons assigned therefor must be stated, and the same must be attested by the magistrate. And such testimony so reduced to writing and authenticated according to the provisions of this section must be filed by the examining magistrate with the clerk of the district court of his county, and in case such prisoner is subsequently examined upon a writ of habeas corpus, such testimony must be considered as given before such judge or court. The testimony so taken may be used by either party on the trial of the cause, and in all proceedings therein, when the witness is sick, out of the state, dead, or when his personal attendance cannot be had in court. * * *"

There was no request by appellant that the testimony be taken down in writing, consequently he is in no position to urge this question.

The trial court did not err in denying appellant's demand for a preliminary examination, or in denying his motion to set aside, quash and dismiss the information.

■ Appellant next attacks the information which is based on that part of section 17, chapter 23, Statutes of Nevada 1937, at page 44, reading: "No person shall * * * attempt to obtain a narcotic drug * * * by fraud, deceit, misrepresentation or subterfuge."

He contends that the information is fatally defective in that it contains no allegation that the alleged prescription was fraudulent, and no allegation that the names thereon were fraudulent. It will be observed that the information charges the crime in the language of that part of said section 17 above set out, and alleges the particulars which constitute the attempt. The point made by appellant is that it is not directly charged that the prescription was fraudulent or that the name "D. Maclean" was fraudulent. In this respect the information reads: "That the defendant did then and there know at that time that the name 'Mrs. B. O. Lane, 623 California Avenue,' and the name 'D. Maclean' were fraudulent and placed on said prescription was a forgery."

The fraud being thus charged inferentially, it is insisted, is not enough to rescue the information from the fatal fault of insufficiency. Fraud is a substantial element of the offense, and should have been directly charged, he says.

In the days of technical pleadings the failure to so charge in a complaint would have been fatal. But we think, in view of section 10858 N. C. L., as it is inferentially charged, the information should not be deemed insufficient in this respect. The section reads: "No indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceeding

thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

The appellant was in no way prejudiced by the manner in which fraud was alleged in the information.

■ There is no merit in the contention that the information is fatally defective in that it merely alleges that the prescription was presented to Hilp's Drug Store, which was not a person, corporation or entity capable of owning property. The offense charged does not involve an attempt to injure any one in respect to obtaining or converting property. An attempt fradulently to obtain the interdicted drug is the offense. Its ownership or possession at the time is immaterial. Consequently cases cited by appellant concerning the sufficiency of an indictment or information for embezzlement in respect to charging ownership of the property alleged to have been embezzled, in some person, corporation or entity capable of owning the same, are out of point.

■■ Appellant contends that proof on the part of the state was not sufficient to sustain the judgment. This contention is based partly on the fact that while the information charges that he completed and filled out the prescription, the proof shows that another performed these acts. As to this the evidence shows that appellant and a person unknown took a blank prescription from the office of Dr. Maclean in Reno and then both went to a barroom in that city where appellant's companion, in his presence, completed the blank prescription and both men went to Hilp's Drug Store. The appellant went into the store and after asking how much it would cost to have the prescription filled, left it with the clerk and departed. He returned a short time after and was arrested. The evidence tends to prove him to have been concerned as a principal in the acts charged as an offense. Section 9958 N. C. L. The judgment is therefore not unsupported by the evidence in this

respect. It is also claimed to find no support in the evidence because it falls short of proving an attempt to secure narcotic drugs. This contention is that, while the information charges appellant of having "requested said Hilp's Drug Store in Reno, Washoe County, Nevada, at said time, to fill said prescription," the proof shows that he did nothing more than to ask for the price of filling it. The drug clerk testified that appellant came into the store with the prescription, handed it to him "and wanted to know how much it would cost to have this filled." On cross-examination the following was elicited:

"Q. But as a matter of fact, the defendant in this case never at any time asked you to fill the prescription? A. Asked me how much it would be to have it filled.

"Q. But my point is, he did not say, 'Will you fill it?' or anything of that character? A. No, sir."

The appellant admitted to the arresting officer that he had been using morphine or narcotics for quite awhile. That officer also testified: "I presented Mr. Logan with his prescription and asked him what he could tell me about it. And he told me that another man had given it to him and that he was trying to cash it or get it filled for this other gentleman."

We think this evidence in connection with the manner in which the prescription blank was taken from the doctor's office and filled out, was sufficient to prove the attempt.

All of his acts and admissions speak as loudly of an attempt as if he had made a direct request that the prescription be filled.

We find no error in the rulings of the court in the admission of evidence complained of by appellant.

■ It is contended that the court erred in refusing to give the following instruction offered by appellant. "The court instructs the jury that a reasonable doubt may be created by the failure on the part of the state to prove an essential item of its case."

We think the instruction correctly states the law, but

there was no error in refusing it because the principle was substantially covered in another instruction, which reads: "The court instructs the jury that the state in the information charges that the alleged attempt was committed by the defendant in manner that I have heretofore described to you as set forth in the information. The state is bound by the description of the alleged attempt as set forth in the information, and if they have not proved each essential element of the attempt as alleged in the information to your satisfaction beyond a reasonable doubt, you should acquit the defendant." The fact that the court gave a different reason for refusing the instruction is immaterial.

Appellant contends that the court erred in refusing to give the following instruction: "The court instructs the jury that the state in its information charges as acts in furtherance of the alleged attempt that the defendant completed and filled out the prescription blank introduced in evidence and that he presented the same to Hilp's Drug Store and requested Hilp's Drug Store to fill the same. If you have a reasonable doubt as to whether or not he did make such request the defendant should be acquitted."

The refusal of this instruction was likewise not an error for the reason that it was substantially covered in the following instructions given by the court:

"The court instructs the jury that the defendant in this case, Raymond W. Logan, is being tried upon an information which has been duly and regularly filed by the district attorney of Washoe County, Nevada, charging the said defendant, Raymond W. Logan with committing the crime of attempting to obtain narcotic drugs by fraud on the 30th day of March, 1938, or thereabouts, in Washoe County, Nevada, in the following manner, to wit: That the said defendant on the 30th day of March, A. D. 1938, or thereabouts, and before the filing of this information, at and within the County of Washoe, State of Nevada, did then and there wilfully, unlawfully and feloniously attempt to obtain

a narcotic drug, to wit, morphine, by fraud, deceit, misrepresentation and subterfuge in this: That on the 30th day of March, 1938, the said defendant did unlawfully obtain a prescription blank from the office of Donald Maclean, M.D., in Reno, Washoe County, Nevada, and did complete and fill out said prescription blank as follows:

" 'DONALD MACLEAN, M.D.
" '605–606 Medico-Dental Building
" 'Reno, Nevada.
" 'Res. Phone 3735.　　　　　　　　Office Phone 5701
" 'For Mrs. B. O. Lane
" 'Address 623 California St.
" 'R. Morph Sulph, Gr. V ($\frac{1}{4}$ gr. hyp.)
" 'Nurse in attendance will administer as prescribed one tab. every four (4) hours in case of excessive pain.
" 'For colitis.
　　　　　　　　　　　　　　" 'D. MacLean, M.D.
　　　　" 'Date 3-30-38.　　　　　　　Reg. No. 4207.
" 'Take this to Hilp's Drug Store
" '127 N. Virginia St.
" 'Prescription Specialists
" 'Phone 6104.'

"That the defendant did then and there know at that time that the name 'Mrs. B. O. Lane, 623 California Avenue' and the name 'D. MacLean' was fraudulent and placed on said prescription was a forgery; that the defendant did then and there on the said day unlawfully, wilfully and feloniously present said prescription to Hilp's Drug Store in Reno, Washoe County, Nevada, and *request* said Hilp's Drug Store in Reno, Washoe County, Nevada, at said time to fill said prescription but that said prescription was not filled by reason of the fact of said drug store discerning said fraud and misrepresentation aforesaid and having the said defendant arrested. To which information the defendant has regularly interposed his plea of 'not guilty.'

"The court instructs the jury that the state in the

information charges that the alleged attempt was committed by the defendant in the manner that I have heretofore described to you as set forth in the information. The state is bound by the description of the alleged attempt as set forth in the information, and if they have not proved each essential element of the attempt as alleged in the information to your satisfaction beyond a reasonable doubt, you should acquit the defendant."

The italicizing in the second instruction above is ours and indicates how in connection with the first instruction above the trial court told the jury that it is essential to prove the request beyond a reasonable doubt, the information having alleged it. The appellant therefore has no ground of complaint in the refusal of his offered instruction. The court gave a different reason for refusing the instruction complained of than that its substance was covered in another instruction given by the court, and appellant seeks to make a point out of this, relying on State v. Ferguson, 9 Nev. 106. The court said: "If an instruction is refused because its substance has been given by the court, that fact should be stated and noted on the instruction, otherwise it might be such an error as to deprive the defendant of a substantial right."

The substance of the instruction which had been refused in that case had been correctly given by the court in another instruction, still the refusal was not held to be erroneous. The court merely pointed out what it deemed proper practice in such a case to prevent what might result in depriving a defendant of a substantial right.

■ Counsel for appellant has not directed our attention to an injury of that kind resulting from such an omission, and we have discovered none. Moreover, under the present practice of settling instructions the jury does not know what instructions are refused, consequently a defendant could not in any event be deprived of a substantial right if an instruction is refused because

its substance has been given by the court and the fact is not noted on the instruction. Nor is it discernible how prejudice could arise if the court in such a case assign a wrong reason for the refusal.

It is ordered that the judgment and order denying the motion for a new trial be and they are hereby affirmed.