251 S.W.2d 76 (1952)
STATE
v.
CRAWFORD.
No. 42974.
Supreme Court of Missouri, No. 1.
September 8, 1952.
*77 J. E. Taylor, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.
William A. Moon, Springfield, for appellant.
HYDE, Presiding Judge.
Defendant was convicted of obtaining narcotic drugs by fraud, deceit, misrepresentation and subterfuge in violation of Section 195.170 RSMo 1949, V.A.M.S. He appeals from a sentence of two years in the penitentiary, the punishment assessed by the jury in its verdict.
Defendant has not briefed the case and has filed no bill of exceptions. Therefore, our review is on the record proper only. See Section 547.270 RSMo 1949, V.A.M.S. The verdict is sufficient, finding defendant guilty as charged in the information, and assessing punishment within the statutory limit for a first offense. See Section 195.200 RSMo 1949, V.A.M.S. Allocution, judgment and sentence are in proper form and defendant was heard on his motion for new trial which was overruled.
Section 195.170 provides in part as follows: "1. No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of the narcotic drug, by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the uses of a false name or the giving of a false address."
The information in this case charged as follows:
"that Thomas J. Crawford * * * on the 11th day of June A. D. 1951 at the County of Greene and State of Missouri, did then and there wilfully, unlawfully and feloniously obtain from Evans Cut-Rite Drug Stores, a partnership, No. 2, Commercial and Boonville Streets, through their agent and pharmacist, H. W. Wilson, narcotic drugs, to-wit: twenty 1/20 grain tablets of dilauded (di-hydro-morphinone-hydrochloride) by fraud, deceit, misrepresentations and subterfuge, that is, by falsely and fraudulently representing himself to be one Dr. William H. Snead of the Medical Arts Building, Springfield, Missouri, and stating that the narcotics were needed for the emergency treatment of one Ruth Barrett, of 625 West Lynn Street, Springfield, Missouri, and further stating and representing that there would be a man calling at the drugstore within a short time for the purpose of securing the said narcotics from the drugstore, that pursuant to such representations the said H. W. Wilson, the agent and pharmacist of the said Evans Cut-Rite Drug Stores, a partnership, did issue a prescription for the above named drug in the name of Ruth Barrett, and that the said Thomas J. Crawford did then and there appear at the drugstore and obtain said above described drugs on representations that he was the man designated by the aforesaid Dr. William H. Snead to secure the drugs, when in truth and in fact all of said representations made by the said Thomas J. Crawford, in obtaining the said narcotic drugs were false and fraudulent, the said Thomas J. Crawford being in fact the party calling as Dr. William H. Snead, and the said Ruth Barrett being in fact a fictitious person and her said address being false, and both falsely and fictitiously represented by the said Thomas J. Crawford."
We think this information was sufficient and that it fully informed the defendant of the crime charged against him. The rules concerning the sufficiency of an information charging a statutory offense were recently restated in State v. Anderson, Mo.Sup., 232 S.W.2d 909, 911, as follows: "An indictment therefor must `substantially follow the language of the statute' (if that language or the statutory terms used be sufficient to inform defendants of the offense with which they are charged) or it must set out the constituent facts and circumstances necessary to inform defendants of the offense with which they are charged. State v. Ross, 312 Mo. 510, 279 S.W. 411, 413. An indictment is sufficient if it contains every essential element of the offense as the same is defined *78 by the statute." The information in this case complies with these rules. It fully states the facts as to how defendant accomplished the fraud, deceit, misrepresentation and subterfuge and clearly advises him of the charge he must meet. See State v. Logan, 59 Nev. 24, 83 P.2d 1035. We hold it sufficient and find no error on the record proper.
Judgment and sentence affirmed.
All concur.