## PHILLIP LEE BROOKS, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 16889

December 30, 1987                                           747 P.2d 893

*Morgan D. Harris,* Public Defender; *Robert L. Miller,* Deputy, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney; *James Tufteland,* Deputy; *Douglas Smith,* Deputy, Clark County, for Respondent.

# OPINION

*Per Curiam:*

The appellant was convicted of possession of a controlled substance with intent to sell. On appeal the appellant complains that the district judge erred in refusing a proffered jury instruction and that the district judge indirectly commented on the evidence during his questioning of a defense witness. *See* Nev. Const. Art. VI, § 12. We need not reach the latter question because we agree that the instruction should have been given. We therefore reverse and remand for a new trial.

Two uniformed police officers were in a high crime area of Las Vegas observing what they believed to be narcotics transactions. They observed an Oldsmobile parked on the street. They observed Keith Brooks, the appellant's brother, approach the Oldsmobile and engage in conversation with the unidentified occupants of the car. They also saw a Volkswagen stop in the same area. The appellant, Phillip Brooks, approached the VW and engaged the occupants in conversation. The officers heard terms associated with narcotics used in the conversation.

Officer Montes came out of hiding and approached the appellant. The VW started to leave, but Montes jumped in front of the VW and stopped it. He saw the appellant go behind the car, bend down as though he had something in his hand, then stand back up. Montes went behind the Volkswagen and found a brown container with a plastic top containing phencyclidine (PCP), a controlled substance.

No illicit drugs were found in the appellant's actual possession. Nineteen PCP cigarettes were taken from Keith Brooks by a police officer. Because he was found at the scene of the crime, the appellant, Phillip, was charged with possession of the 19 PCP cigarettes as well as the PCP in the plastic container.

The brothers were arrested and informed of their rights. The appellant initially stated to the police that all of the narcotics, including the substance found in the container and the cigarettes held by Keith, were his and that he had been selling them to make money. Keith Brooks eventually pleaded guilty to possession. Appellant pleaded not guilty to possession with intent to sell.

Keith testified at appellant's trial. He testified that he had been walking along the street when he found all of the drugs. They had supposedly been dropped by another man. Keith stated he was unaware until the arrival of the police that his brother, whom he had not seen in ten months, was in the area.

Keith testified that when he saw the officers, he dropped the vial of narcotics to the ground and kicked it. It was this vial that

was found near Phillip. Keith testified that Phillip was in no way involved and that he was merely an innocent bystander.

Based on Keith's testimony that Phillip had nothing to do with the drugs, defense counsel requested an instruction that mere presence is not sufficient to convict on an aiding and abetting theory. The district judge felt that other instructions adequately covered the substance of the instruction and thus refused to give it.

Phillip was convicted of possession with purpose to sell. He was sentenced to ten years imprisonment. This appeal followed.

The defense theory of the case was that Phillip was not a participant in the crime. He was engaged in a conversation with the occupants of the Volkswagen when Keith dropped a vial of PCP and kicked it towards him. Ostensibly, neither brother was acting in concert with the other. There was testimony to support that theory. Keith's testimony was that it was he who held all the PCP, that it was he who intended to sell it, and that Phillip was not in any way involved. To some, the testimony might seem implausible, but it could have been believed.

The jury was instructed it could convict Phillip if someone else (Keith) was in possession with intent to sell, and Phillip aided and abetted the crime. The defendant, Phillip, offered the following instruction to the effect that mere presence is not sufficient to support conviction on the aiding and abetting theory:

> Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant is a participant and not merely a knowing spectator.

The proposed instruction correctly states the law. Winston v. Sheriff, 92 Nev. 616, 555 P.2d 1234 (1976). A defendant in a criminal case is entitled to have the jury instructed on his theory of the case, no matter how weak or incredible the evidence supporting the theory may appear to be. Adler v. State, 95 Nev. 339, 594 P.2d 725 (1979). This proposed instruction was supported by the evidence in the form of Keith Brooks' testimony.

The district court found the instruction did not need to be given because it incorrectly stated the law and because it was properly covered by the aiding and abetting instruction. The district court erred on both counts.

The instruction correctly states the law. *Winston, supra.* The district court judge, in finding otherwise, relied on Rowland v. State, 96 Nev. 300, 608 P.2d 500 (1980). The reliance is mis-

placed. In *Rowland,* this court found that a charge of possession of a sawed-off shotgun could be supported when the defendant was present *and* actively participated in the negotiations for the sale of the gun. There was no dispute that the defendant was an active participant, nor was there any issue presented regarding a "mere presence" instruction. In the instant case, there was evidence by which the jury could infer that Phillip was a participant, but there was also evidence, which could have been believed, to the effect that Phillip was merely present at the scene without any involvement in Keith's crimes.

The district judge also erred when he determined that the aiding and abetting instruction sufficiently covered the mere presence theory. The instruction stated:

> If you find from all the evidence in the case beyond a reasonable doubt that possession of a controlled substance with intent to sell was committed by some person, and if you further find that the defendant knowingly gave aid to that person who committed such offense, then you may find the defendant guilty of possession of a controlled substance with intent to sell.

In a similar case, the U.S. Court of Appeals for the Eighth Circuit held that refusal to give the proposed mere presence instruction, when the defendant's theory of the case was that he was an unwitting passenger, mandated a new trial even though the jury had been otherwise properly instructed on possession of a firearm. United States v. Manning, 618 F.2d 45 (8th Cir. 1980). The court stated that the defendant was entitled to a "theory of defense" or a "position" instruction if he makes a timely request for the instruction. *Manning* at 47-48. This court has also recognized that a defendant is entitled to a "theory of defense" instruction. Adler v. State, *supra.* A positive instruction as to the elements of the crime does not justify refusing a properly worded negatively phrased "position" or "theory" instruction. *Manning, supra.*

Phillip's "position" was that, because he was merely present, he did not knowingly aid his brother in the commission of the crime. We conclude that it is error to refuse a proffered theory of defense instruction that correctly states the law, and is supported by some evidence. Keith Brooks' credibility was not for the court but for the jury to decide.

Our decision on the instruction issue makes a decision on the other issues presented unnecessary. We therefore reverse and remand for a new trial.