JAMES M. MARGETTS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 21125

September 30, 1991                    818 P.2d 392

[Rehearing denied December 23, 1991]

*Terri Steik Roeser,* State Public Defender and *James P. Logan,* Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General and *Robert E. Wieland,* Deputy Attorney General, Carson City; *Scott Doyle,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Appellant James M. Margetts (Margetts) was a coin dealer who bought 100 gold krugerrands for $43,200 from another dealer, Leon Hendrickson (Hendrickson), at a coin show. Both Margetts and Hendrickson understood that Margetts was to pay Hendrickson for the coins at the end of the week long show. During the week, Margetts sold the coins and lost all the proceeds in casino gambling. At the end of the show, he tendered a

bad check to Hendrickson. When Margetts failed to repay the debt, he was charged with one count of swindling and one count of obtaining money by false pretenses. The jury convicted him on both counts but the offenses were merged for sentencing so that he was only sentenced for swindling.

Both Margetts and Hendrickson testified that they had dealt with each other before, that their normal course of dealing was to settle all accounts at the end of the show, and that they both expected to conduct business in this manner this time as well. Both Margetts and Hendrickson agreed that Margetts made several promises to eventually pay the debt owed. However, Hendrickson never had agreed to extend credit to Margetts, as he expected to be paid at the close of the show, which took place more than three years before trial.

During the show, Margetts attempted to resell the coins to one Bob Shirley (Shirley). Shirley testified that since they were dealing through middlemen, he did not know that he was dealing with Margetts. However, before the deal went through, he learned that the seller, which later turned out to be Margetts, had backed out of the contract. Shirley was permitted to testify that Margetts refused to deal with him because in 1981, Margetts had cheated him in a similar deal. Shirley told the court that Margetts purchased 104 krugerrands from him for $48,000, but the check was returned for insufficient funds and Shirley was never paid.

Margetts now makes five assertions of error. He asserts that: (1) the State failed to prove the element of reliance in both the false pretenses and swindling statutes; (2) the evidence of his prior bad act should have been excluded because it occurred five years before this crime and was too prejudicial; (3) the prosecutor made improper comments regarding the prior bad act in closing argument; (4) the court failed to give jury instructions that would have provided the jury with the defense theory of the case; and (5) the defense should have been permitted to comment on the gravity of the jury's task. We conclude that assertions three and four have merit and require reversal of this case.

First, Margetts contends that the State failed to prove that Hendrickson relied on a false statement made by Margetts. He claims that he never told Hendrickson that he had a specific buyer for the coins. However, the State did prove reliance by showing that both parties understood that Margetts would pay Hendrickson at the end of the show. This understanding was both a meeting of the minds between both parties and a stipulated fact at trial. Therefore, it satisfied the reliance element of the obtaining property by false pretenses statute. NRS 205.380.

Margetts next contends that Shirley's testimony regarding his prior act should have been excluded because it was too remote in time. At trial, Margetts testified that he had no intention to swindle Hendrickson, and that he tendered the bad check by mistake. Therefore, he placed his intent at issue, making prior bad act evidence admissible to prove intent, or absence of mistake. NRS 48.045(2). Shirley's testimony was properly admitted for the limited purpose of proving those items.

Although the prior bad act was admissible, the court correctly admonished the jury that it should not use the act to prove Margetts' character, or to prove that he acted in conformity with the prior act on the charge at issue. In his closing argument, the prosecutor ignored the limiting instruction and told the jury that it should use Shirley's testimony to prove Margetts' character and propensities. In spite of defense objections, the court refused to admonish the jury that it may not consider the prior bad act for those purposes. The court stated only that the jury should rely on its prior instructions, and did not rule on the objection. The court's failure to sustain the objection and to give another oral limiting instruction was error. Standing alone, it might have been harmless.

However, the trial court also refused to use a jury instruction that the defense offered to present their theory of the case to the jury. We have held that the defense has the right to have the jury instructed on its theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may be. Adler v. State, 95 Nev. 339, 594 P.2d 725 (1979) (failure to give proposed instruction was not prejudicial when defendant's argument was not a defense to the crime); Barger v. State, 81 Nev. 548, 552, 407 P.2d 584, 586 (1965) (failure to give instruction on entrapment defense was prejudicial error).

The defense offered an instruction which read, "[i]f you find that at the time Mr. Margetts received the krugerrands from Mr. Hendrickson he lacked the specific intent to defraud Mr. Hendrickson then you must return a verdict of Not Guilty to both charges."

We have concluded that the failure to instruct on the absence of an element of a crime is reversible error. Brooks v. State, 103 Nev. 611, 747 P.2d 893 (1987). In Brooks, the defendant was standing in the vicinity of a drug transaction and was convicted of possession of a controlled substance with intent to sell. The court

instructed the jury that it could convict the defendant if someone else was in possession of the drugs with intent to sell and the defendant aided and abetted the crime. The defendant proposed the following instruction, which was refused: "Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant is a participant and not merely a knowing spectator." *Id.* at 613, 747 P.2d at 894. This court reversed the guilty verdict in *Brooks* because the failure to give this jury instruction deprived the defendant of his right to have the jury instructed on his theory of the case.

Like Margetts' proposed instruction, the instruction proposed in *Brooks* is both the inverse of an instruction that was given and a correct statement of the law. In both cases, the proposed instructions do not say anything that one could not infer from instructions given. Instead, they both instruct the jury that it may not convict if a specific element is lacking and thereby explain the defense theories of their respective cases. Since the failure to give the instruction was reversible error in *Brooks,* the same should be true here. This error, combined with the prosecutor's improper closing argument are cumulative errors which require reversal in this case.

Margetts makes additional assertions that the court erred by denying other jury instructions that he proffered, and that he should have been permitted to argue to the jury about how this conviction will impact Mr. Margetts' life. We conclude that these additional assertions have no merit. The proposed instructions are merely alternatives to equivalent instructions that the court had already given. The defense argument was a comment on sentencing, which is a question for the court, not for the jury. *See* People v. Shannon, 305 P.2d 101 (Cal. 1956) (instruction not to consider the penalty is a correct statement of law and is not prejudicial to defendant).

Accordingly, we reverse the judgement of conviction and remand this case for a new trial.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

The majority, citing Brooks v. State, 103 Nev. 611, 747 P.2d 893 (1987), asserts that the failure of the trial court to instruct on the absence of an element of a crime is reversible error. My colleagues, however, misapprehend the holding of that case. In *Brooks,* the defense counsel proposed an instruction defining and limiting the theory of accomplice liability relied upon by the prosecution. The trial court denied the proffered instruction, and

this court reversed on the grounds that the district judge's instructions to the jury did not sufficiently cover the law applicable to the prosecution's theory.[1] No such flaw can be found in the *instructions given at Margetts' trial.*

The jury instructions in this case were carefully crafted by the trial court so as to delineate and define the elements of the charged offenses and describe the State's burden of proof for prosecuting these offenses. The instructions comprehensively cover the doctrine applicable to the prosecution's legal theory.

In addition, embodied clearly in these instructions is the "theory of defense" instruction requested by the appellant. Though the language differs slightly, the message is the same: the State must prove beyond a reasonable doubt a concurrence of the forbidden act and the intent to do the act; otherwise, the accused is entitled to a verdict of not guilty. This court has never held that a defendant has the right to instruct the jury with language of his own choosing. To so hold would reduce jury instructions to nothing more than a paraphrase of the defense counsel's closing argument.

It is well established in our state that a defendant in a criminal case is entitled to have the jury instructed on his theory of the case as disclosed by the evidence, no matter how weak or incredible the evidence appears to be. Brooks v. State, 103 Nev. 611, 613, 747 P.2d 893, 894 (1987); Adler v. State, 95 Nev. 339, 594 P.2d 725 (1979). It is equally clear, however, that the defendant is not entitled to misleading instructions, State v. Ferguson, 9 Nev. 106 (1874), instructions that have been covered substantially in other instructions already given by the court, State v. Logan, 59 Nev. 24, 83 P.2d 1035 (1938), or instructions that misstate the law, Sollars v. State, 73 Nev. 248, 316 P.2d 917 (1957). In the case before us, the appellant's proposed instruction was covered substantially in the trial court's instructions and, therefore, the trial court committed no error by denying it.

Now standing alone, the error assigned to the improper comments made by the prosecutor in closing argument is, as the majority suggests, harmless in view of the overwhelming evidence against Margetts.

*I would affirm the judgment of conviction entered by the district court.*

---

[1]Brooks was charged with possession of a controlled substance with intent to sell, and the State sought to convict on an aiding and abetting theory. The trial court instructed the jury that it could convict Brooks if someone else was in possession with intent to sell, and Brooks aided and abetted the crime. The district judge failed, however, to instruct the jury that mere presence is insufficient to support a conviction on the aiding and abetting theory. The defense proffered an instruction containing this black letter principle, but it was denied.