*1366
 
 OPINION ON REHEARING
 

 Per Curiam:
 

 In Ewish v. State, 110 Nev. 221, 871 P.2d 306 (1994), we upheld appellant Joseph Anthony Ewish’s convictions of two counts each of murder with the use of a deadly weapon and arson. Ewish petitions this court for rehearing. Ewish contends that we misapprehended his defenses to the crime of arson. In our prior opinion in this matter, we concluded that the district court correctly refused to instruct the jury on the lesser related offense of malicious destruction of property using an explosive device, as codified in NRS 202.830 (“explosive destruction”).
 
 Id.
 
 at 227-28, 871 P.2d at 310-11. We reasoned that Ewish’s “overall” defense theory that he did not actively participate in the arson offenses was inconsistent with the crime of explosive destruction.
 

 We agree with Ewish that in our prior ruling we failed to adequately consider Ewish’s alternative defense that he lacked specific intent to commit arson. The district court must instruct the jury on a lesser related offense if. the defendant establishes three factors: “(1) the lesser offense is closely related to the offense charged; (2) defendant’s theory of defense is consistent with a conviction for the related offense; and (3) evidence of the lesser offense exists.” Moore v. State, 105 Nev. 378, 383, 776 P.2d 1253, 1239 (1989).
 

 We concluded, in our prior opinion, that Ewish met the first factor that explosive destruction was closely related to arson. We now conclude that Ewish’s alternative theory that he lacked specific intent to commit arson is consistent with the crime of
 
 *1367
 
 explosive destruction. We indicated in our prior opinion, with respect to Ewish’s co-defendant, that lack of specific intent is a valid defense to arson and is consistent with the general intent crime of explosive destruction.
 
 Ewish,
 
 110 Nev. at 228-29, 871 P.2d at 311-12. Ewish’s theory that he aided and abetted his co-defendant in firebombing two residences, but lacked specific intent to commit arson, is likewise consistent with the crime of explosive destruction.
 

 In addition, Ewish presented evidence at trial that reasonably supports the crime of explosive destruction. Ewish suffered mental impairment, had the mental age of a thirteen year-old, was susceptible to control by others, including the co-defendant, and was intoxicated at the time of the arson offenses. The state presented conflicting evidence concerning the degree to which Ewish’s mental impairment affected his ability to deliberate and act for himself. Criminal defendants are entitled to have the jury instructed on their theory of the case no matter how weak the evidence may be. Margetts v. State, 107 Nev. 616, 619, 818 P.2d 392, 394 (1991). The district court erred in refusing to instruct the jury on the lesser related offense of explosive destruction.
 

 Because we misapprehended Ewish’s defense theories, rehearing is warranted. Accordingly, we grant rehearing and reverse both of Ewish’s arson convictions. We remand this matter to the district court for a new trial on the arson charges.