An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN WEHR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondents.

No. 63103

**FILED**

OCT 1 6 2013

TRAGIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge. Appellant raises three claims on appeal.

First, appellant argues that the district court erred by denying his proposed instructions regarding destruction of property and trespass because they were lesser-included offenses of burglary and the instructions were consistent with his theory of defense that, although he illegally entered a business, he did not intend to steal any property. This court has expressly adopted the elements test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), in determining when lesser-included offense instructions are required. *Barton v. State*, 117 Nev. 686, 694, 30 P.3d 1103, 1108 (2001), *overruled in part on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). "The test is met when all of the elements of the lesser offense are included in the elements of the greater offense." *Id.* at 690, 30 P.3d at 1106; *see also Lisby v. State*, 82 Nev. 183, 188, 414 P.2d 592, 595 (1966). Under *Blockburger*, we conclude that destruction of property is not a lesser-included offense of burglary. *See* NRS 206.310; NRS 205.060. And we have held that trespass is not a

13-31011

lesser-included offense of burglary under *Blockburger*. *Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004). Appellant acknowledges *Smith* but requests that this court return to allowing instructions on lesser-related offenses. *See Ewish v. State*, 111 Nev. 1365, 1366, 904 P.2d 1038, 1039 (1995); *Moore v. State*, 105 Nev. 378, 384, 776 P.2d 1235, 1239 (1989), *overruled by Peck v. State*, 116 Nev. 840, 7 P.3d 470 (2000), *overruled on other grounds by Rosas*, 122 Nev. 1258, 147 P.3d 1101. We decline to revisit *Smith*. We conclude that the district court did not abuse its discretion by refusing to instruct the jury on the offenses of destruction of property and trespass. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) ("The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error.").

Second, appellant argues that the district court erred by denying his motion for a new trial on the ground that the district court inadvertently omitted six instructions during the oral reading of the instructions before closing arguments. Appellant argues that the omission of those instructions during the oral reading substantially prejudiced his rights and therefore a new trial is warranted. "Generally the district court enjoys discretion in granting or denying motions for new trials; this court will not set aside a district court new trial ruling absent an abuse of discretion." *State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993). Although the oral reading of the instructions should have mirrored the written instructions, the jury was provided a complete set of written instructions before retiring for deliberations and instructions similar to some of those omitted were given to the jury at the beginning of the trial.

Further, appellant's general allegations of prejudice are unpersuasive. Accordingly, we conclude that no relief is warranted.

Third, appellant asserts that the district court abused its discretion by adjudicating him a habitual criminal, resulting in a sentence that was excessive considering the offense and the nature of his prior crimes. We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). And, regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between the crime and the sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime).

The sentence imposed—60 to 240 months in prison—is within the parameters provided by the relevant statute, *see* NRS 207.010(1)(a), and appellant does not allege that the statute is unconstitutional. He also does not allege that the district court relied on impalpable or highly suspect evidence. And appellant's contention that his habitual criminal

adjudication is excessive considering the remoteness of his convictions and the non-violent nature of his prior offenses lacks merit because the habitual criminal statute "makes no special allowance for non-violent crimes or for the remoteness of [prior] convictions," as those are considerations within the district court's discretion. *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Having considered the sentence and the crime, we are not convinced that the sentence imposed is so grossly disproportionate to the crime and appellant's history of recidivism as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion).

Having considered appellant's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[1]Despite counsel's verification that the fast track statement complies with applicable formatting requirements, the fast track statement does not comply with NRAP 32(a)(4) because it is not double-spaced and NRAP 32(a)(5) because the footnotes are not the same typeface and size as the body of the text. *See* NRAP 3C(h)(1). We caution counsel that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).

 

cc: Hon. Lidia Stiglich, District Judge
Washoe County Alternate Public Defender
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk