An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON KYNYLL OWENS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65963

FILED

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon, discharging a firearm at or into a vehicle, and carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

First, appellant Jason Kynyll Owens contends that insufficient evidence was adduced to support the jury's verdict. Owens points out that the victim admitted to being the initial aggressor and that he "acted at all times in reasonable and actual fear for his life . . . [and] intended only to frighten the man who had just pushed, provoked, beaten, and choked him." Owens also notes that no bullets were found either in the victim's car or having marked its exterior. We disagree with Owens' contention because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11346

307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).[1]

Trial testimony indicated that although Owens did not initiate the confrontation, the unarmed victim was driving away in his vehicle with the windows down, posing no immediate threat, when Owens pointed a firearm in his direction, fired multiple shots, and hit the victim in the back of the head. Owens subsequently fled from the scene in another vehicle. Four .25 caliber automatic cartridge casings and Owens' broken glasses were found at the location of the shooting. The victim identified Owens as the perpetrator and videotaped surveillance footage capturing the incident was played for the jury.

It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 193.330(1); NRS 200.010(1); NRS 200.030(1)(a); NRS 200.481(1)(a); NRS 202.285(1)(b). Therefore, we conclude that Owens' contention is without merit.

Second, Owens contends that the district court erred by allowing the admission of the surveillance videotape capturing the event leading to the instant charges because the State failed to establish the chain of custody. Any gap in the chain of custody, however, or any doubt about tampering, "goes to the weight of the evidence" and not its admissibility. *Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903

---

[1]Owens is not challenging his conviction on the count of carrying a concealed firearm.

(1972), *see also Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 311 n.1 (2009) (gaps in the chain of custody usually go to the evidence's weight not admissibility). Nevertheless, our review of the trial transcript reveals that the State established a sufficient and reasonable chain of custody. *See Burns v. Sheriff,* 92 Nev. 533, 534-35, 554 P.2d 257, 258 (1976). Therefore, we conclude that the district court did not abuse its discretion by admitting the evidence. *See Mclellan v. State,* 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

Third, Owens contends that the district court erred by overruling his objection based on the best evidence rule to Detective Carter's testimony pertaining to the surveillance videotape. *See* NRS 52.235 ("To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in this title."). Owens now claims that Detective Carter's "interpretation" of the videotape "ran the risk of invading the province of the jury" and was unfairly prejudicial. Owens objected only once during Detective Carter's challenged testimony and argues that plain error requires the reversal of his conviction. *See* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). We disagree with Owens' contention.

Initially, we note that Owens offers no cogent argument in support of his claim that Detective Carter's testimony during the playing of the surveillance videotape violated NRS 52.235. The videotape, depicting six different views of the crime scene, was admitted and played for the jury, and Owens cannot demonstrate that the district court erred by overruling his objection. Additionally, Owens did not object below on

the basis that Detective Carter's "narration" amounted to improper lay witness testimony, *see* NRS 50.265, and Owens "cannot change [his] theory underlying an assignment of error on appeal," *Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995). Nevertheless, based on our review of the trial transcript and surveillance videotape, and considering the overwhelming evidence of guilt noted above, we further conclude that Owens cannot demonstrate plain error entitling him to the reversal of his conviction. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (when reviewing for plain error, "the burden is on the defendant to show actual prejudice or a miscarriage of justice"); *see also United States v. Begay*, 42 F.3d 486, 503 (9th Cir. 1994) (holding narrative admissible as lay witness opinion testimony which did not invade province of jury).

Fourth, Owens contends that the district court abused its discretion by overruling his objections and admitting several photographs depicting the victim's injuries, blood-stained clothes, and blood in the victim's vehicle. Owens claims the photographs were irrelevant, inflammatory, prejudicial, and cumulative. Prior to trial, the district court denied Owens' motion in limine seeking to exclude several of the photographs "without prejudice to raise the issue as to cumulative[ness] at the time of trial." We disagree with Owens' contention.

"We will not disturb a district court's decision to admit photographic evidence unless the district court abused its discretion." *West v. State*, 119 Nev. 410, 420, 75 P.3d 808, 815 (2003). "Despite gruesomeness, photographic evidence has been held admissible when it accurately shows the scene of the crime, . . . and when it reflects the severity of wounds and the manner of their infliction." *Theriault v. State*, 92 Nev. 185, 193, 547 P.2d 668, 674 (1976) (citations omitted), *overruled*

*on other grounds by Alford v. State*, 111 Nev. 1409, 906 P.2d 714 (1995). At the hearing on Owens' motion in limine, the State argued that due to the multiple crime scenes and charged counts, the proffered photographs were relevant. The State also noted that duplicative photographs were excluded and would not be presented to the jury. At trial, the State argued that "each and every photograph shows something a little different that is important to the State to be able to prove this case beyond a reasonable doubt." The district court overruled each objection by Owens and we conclude that Owens fails to demonstrate that the district court abused its discretion.

Fifth, Owens contends that the district court erred by denying his oral motion to record all bench conferences. Owens acknowledges that our holding in *Preciado v. State*, 130 Nev. Adv. Op. No. 6, 318 P.3d 176, 178 (2014), does not support his claim. Nevertheless, Owens asks that we modify *Preciado* and recognize that "the subsequent memorialization of conferences is not an adequate substitute for contemporaneous recording" and violates due process. We decline Owens' request and conclude that the district court did not err by denying his motion.

Sixth, Owens contends that the district court erred by rejecting his proposed jury instructions clarifying self-defense and attempt. We disagree. "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). Here, the district court heard arguments from counsel and rejected Owens' proposed instructions after determining that they were sufficiently covered by other jury instructions. We agree and conclude that the district court did not abuse its discretion by rejecting Owens'

proposed instructions on self-defense and attempt. *See Vallery v. State,* 118 Nev. 357, 372, 46 P.3d 66, 77 (2002) (noting that a district court does not err by rejecting defendant's proposed instruction related to his theory of the case if it is substantially covered by other instructions).

Seventh, Owens contends that the district court erred by rejecting two negatively-phrased jury instructions on reasonable doubt specific to the counts of attempted murder and carrying a concealed firearm. "[S]pecific jury instructions that remind jurors that they may not convict the defendant if proof of a particular element is lacking should be given upon request." *Crawford v. State,* 121 Nev. 744, 753, 121 P.3d 582, 588 (2005). "'[A] positive instruction as to the elements of the crime does not justify refusing a properly worded negatively phrased . . . instruction.'" *Id.* (quoting *Brooks v. State,* 103 Nev. 611, 614, 747 P.2d 893, 895 (1987)). Here, even assuming the district court erred by not giving the two proposed instructions, "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case." *Id.* at 756, 121 P.3d at 590.

Finally, Owens contends that the district court erred by refusing his request to add "'including by reason of self-defense' after the 'not guilty' option on the verdict forms" because "self-defense was a complete defense to three of the four charges." Whether a special verdict form should be used depends on "'the particular circumstances of [each] case,'" and the district court's decision is reviewed for an abuse of discretion. *United States v. Reed,* 147 F.3d 1178, 1180 (9th Cir. 1998) (alteration in original) (quoting *United States v. O'Looney,* 544 F.2d 385, 392 (9th Cir. 1976)). Here, the State argued below that the proposed

additional language to the verdict form was "confusing and not necessary, because the jury can acquit for other reasons besides self defense." The district court agreed with the State and rejected Owens' proposed verdict form. We agree and conclude that the district court did not abuse its discretion by denying Owens' request. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk