# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENYA LATTIMORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81343

FILED

NOV 05 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence, conspiracy to prevent or dissuade a witness from testifying or producing evidence, and two counts of preventing or dissuading a witness from testifying or producing evidence. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.[1]

Appellant Kenya Lattimore allegedly battered his stepfather, Carl Jones. He allegedly dissuaded both his mother, Mary Jones, and Carl from testifying at the preliminary hearing on the battery charge. Carl and Mary did not come to the preliminary hearing and the case was dismissed. The State convened a grand jury, which indicted Lattimore on the original battery, conspiracy to prevent or dissuade a witness from testifying or producing evidence, and two counts of preventing or dissuading a witness from testifying or producing evidence. The jury convicted Lattimore on all counts. Lattimore was adjudicated as a small habitual criminal, see NRS

---

[1]The Honorable Douglas W. Herndon, Justice, is disqualified from participation in the decision of this matter.

21-31814

207.010(1)(a), and sentenced to serve concurrent terms totaling 8-20 years in the aggregate.

Lattimore argues that the district court improperly admitted evidence of uncharged bad acts, the State's investigator gave improper expert testimony, and the State committed prosecutorial misconduct in closing argument. We agree and conclude that these errors warrant reversal of Lattimore's conviction.

Lattimore first argues that the district court improperly admitted uncharged bad act evidence. The district court admitted calls Lattimore made from jail after the preliminary hearing; Lattimore objected that they were evidence of other bad acts that occurred separate from the charged acts. The State argues that the calls were admissible under NRS 48.035(3) to show a "complete story of the crime," and should not be analyzed as uncharged bad acts under NRS 48.045 at all. This court reviews a district court's decision to admit or exclude evidence "for an abuse of discretion or manifest error." *Thomas v. State*, 122 Nev. 1361, 1370, 148 P.3d 727, 734 (2006).

We first conclude that the calls were certainly uncharged bad act evidence used for propensity purposes, which falls under NRS 48.045(2), which provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." While such evidence *may* be admissible under exceptions listed later in NRS 48.045(2), those exceptions only apply if the evidence is admitted for the *purposes* listed in the statute (such purposes include "proof of motive, opportunity, intent, preparation, plan . . ."). We conclude that these calls were not admitted for those purposes—and the State does not argue on appeal that they were admitted

for any of those purposes. So, the calls were not admissible as uncharged bad act evidence under NRS 48.045(2).

Nevertheless, the State is correct that NRS 48.035(3) permits admitting "[e]vidence of another act or crime which is so closely related to an act in controversy or a crime charged that an ordinary witness cannot describe the act in controversy or the crime charged without referring to the other act or crime . . . ." We construe the "complete story" doctrine narrowly. *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) (holding that the uncharged bad act must be so connected to the charged crime that the crime cannot be described without referring to the other act). These calls occurred *after* Carl and Mary failed to come to the preliminary hearing, at which point the charged crime of witness dissuasion was complete. As such, they were not so intertwined with the charged acts that including them was necessary to describe the preliminary hearing witness dissuasion. We conclude that the district court abused its discretion in admitting evidence of these jail calls.[2]

When the district court improperly admits uncharged bad act evidence over a defendant's objection, a new trial is warranted if the error was not harmless. *Fields v. State*, 125 Nev. 776, 784, 220 P.3d 724, 729 (2009); *cf.* NRS 178.598. In considering "whether the error had substantial and injurious effect or influence in determining the jury's verdict" and thus was not harmless, *see Fields*, 125 Nev. at 784-85, 220 P.3d at 729 (internal

---

[2]Further, the district court should have sua sponte provided the jury with an instruction "explaining the purposes for which the evidence is admitted immediately prior to its admission and a general instruction at the end of trial reminding the jurors that certain evidence may be used only for limited purposes." *Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008).

quotation marks omitted), this court looks to "whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged," *Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). As to the first factor, the issue of guilt of the battery charge was close given Carl's and Mary's trial testimony denying their original account of the incident, and the issue of dissuasion was close since it hinged on Lattimore's intent. Secondly, the error was not an isolated, single incident. The uncharged bad act calls were played several times and argued about extensively. As to the third factor, the charges were not of independent significant gravity. However, Lattimore was adjudicated as a habitual criminal and sentenced to serve a prison term of 8 to 20 years. This severe sentence lends the charges more gravity. In this matter, proof of the dissuasion charges in particular depended significantly on the content of Lattimore's calls with Mary and whether the jury believed Lattimore had manipulated his family into flouting a court order. The State presented uncharged bad act evidence and made prolonged arguments regarding that evidence as proof of Lattimore's guilt. Accordingly, admitting the uncharged bad act evidence was not harmless.

Lattimore next argues that the State's investigator improperly testified beyond the scope of permissible lay testimony. The investigator was asked to explain the typical processes regarding service of subpoenas, whether witnesses have Fifth Amendment privileges when grand juries are used, and the nature of victims "pressing charges." Lattimore objected, arguing that such testimony went beyond permissible lay testimony and constituted instructing the jury on the law—which only the judge could do. The district court overruled the objection. We conclude that the district court abused its discretion in admitting these statements because they

Supreme Court
OF
Nevada

(O) 1947A

4

"require[d] some specialized knowledge or skill beyond the realm of everyday experience" and thus constituted expert, not lay testimony. *See Burnside v. State*, 131 Nev. 371, 383, 352 P.3d 627, 636 (2015). As such, it was improper to permit such testimony from the investigator. We cannot say that such an error was harmless since the issue of guilt or innocence on the dissuasion and battery charges alike hinged on the credibility of the conflicting testimony—or lack of testimony—given by Mary and Carl.

Lattimore next argues that it was prosecutorial misconduct for the State to comment on the jail calls discussed above to argue that Lattimore was guilty of witness dissuasion. In considering claims of prosecutorial misconduct, this court utilizes a two-step analysis: (1) determining whether the prosecutor's conduct was improper, and (2) determining whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Under the second step, errors which were not preserved are reviewed for plain error. *Id.* at 1190, 196 P.3d at 477. "[A] plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice (defined as a "grossly unfair" outcome)." *Jeremias v. State*, 134 Nev. 46, 50-51, 412 P.3d 43, 49 (2018).

The State may not argue a defendant's guilt of charged actions through propensity arguments based on uncharged bad acts—even if that evidence may be admitted under an exception in NRS 48.045.[3] *See Margetts v. State*, 107 Nev. 616, 619, 818 P.2d 392, 395 (1991) (concluding that, even when uncharged bad act evidence was admitted under an exception and

---

[3]To be clear, the State is permitted to make propensity arguments for evidence that is admitted under the exception for sexual offenses in NRS 48.045(3). *See Taylor v. State*, 109 Nev. 849, 858 P.2d 843 (1993).

with a limiting instruction, it was error for the prosecutor to make propensity arguments). The State implied that, because Lattimore supposedly dissuaded Carl and Mary from attending the grand jury hearing and trial in the calls, that he had done the same for the preliminary hearing. This argument was based on the assumption that Lattimore was the kind of person who would leverage family affection to get out of trouble. Such comments were impermissible propensity arguments—arguing that Lattimore's conversations with his family regarding the other proceedings were proof that his attempts to dissuade them from the preliminary hearing had "worked." We conclude that these comments rose to the level of plain error because they were impermissible arguments made about inadmissible evidence that caused actual prejudice to Lattimore. [4]

Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                  Stiglich

_____, J.          _____, J.
Cadish                       Silver

---

[4]In light of our disposition, we need not address Lattimore's other assignments of error.

cc: The Honorable Jacqueline M. Bluth, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

PICKERING, J., concurring in part and dissenting in part:

Lattimore beat his unarmed stepfather senseless with a metal baseball bat. For this he was charged with and convicted of battery with the use of a deadly weapon resulting in substantial bodily harm constituting domestic violence. He was also charged with and convicted of preventing or dissuading a witness from testifying or producing evidence (two counts) and conspiracy to prevent or dissuade a witness from testifying or producing evidence. The dissuading and conspiracy counts related to the battery count such that they all were tried together—after being arrested for the battery, Lattimore called his stepfather and mother from the jail and persuaded them not to appear and testify about the battery at the preliminary hearing. As a result, the battery charge initially was dismissed and the State repaired to the grand jury, which indicted Lattimore for battery, two counts of dissuading, and conspiracy to dissuade.

The majority finds that the district court abused its discretion when it admitted evidence that Lattimore continued to call his stepfather and mother after the grand jury indicted him in an effort to persuade them not to testify at his trial. It deems this evidence inadmissible bad act evidence offered to show Lattimore's criminal propensity and lacking in legitimate probative value. On this basis, the majority reverses Lattimore's convictions, not just on the dissuading and conspiracy-to-dissuade counts, but on the battery count as well.

Respectfully, I disagree. Lattimore's pre-preliminary-hearing calls to his stepfather and mother trying to persuade them not to testify against him were relevant both to the battery charge, evidencing his consciousness of guilt as to that charge, *Menendez-Cordero v. State,* 135 Nev. 218, 229, 445 P.3d 1235, 1244 (2019) (holding that criminal

SUPREME COURT
OF
NEVADA

(O) 1947A

defendant's "attempt to threaten a witness was probative to show that he was conscious of his guilt and therefore wanted to silence eyewitness testimony"), and as the basis for the dissuading and conspiracy-to-dissuade charges, which were tied to Lattimore's *pre*-preliminary-hearing conduct. To the extent the *post*-preliminary-hearing calls were used to show that Lattimore had a propensity to engage in witness dissuading, generally, I agree with the majority that such use was improper. *See* NRS 48.045(2). But such improper use with respect to the dissuading and conspiracy-to-dissuade charges did not turn the post-preliminary-hearing calls into improper evidence of a propensity to engage in *battery*. Indeed, Lattimore does not argue that they do. Rather, he argues that the admission of the post-preliminary-hearing calls without a proper *Tavares* instruction prejudiced him *on the dissuading and conspiracy-to-dissuade counts. See Tavares v. State*, 117 Nev. 725, 731-33, 30 P.3d 1128, 1132-33 (2001), *holding modified by Mclellan*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008). The other errors the majority finds—the improper expert testimony and prosecutorial misconduct—similarly relate to the dissuading and conspiracy-to-dissuade counts, not the battery count.

For these reasons, I would affirm, not reverse, the battery conviction. I would vacate the sentence and remand for resentencing, however, because Lattimore was sentenced in absentia, with only audio, not even audio-visual participation. I concur in the reversal of the dissuading and conspiracy-to-dissuade convictions.

_____, J.
Pickering