WAYNE JOHNSON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5963

January 26, 1970             464 P.2d 465

*James D. Santini,* Public Defender, and *Robert G. Legakes,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Melvyn T. Harmon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The appellant, Wayne Johnson, was found guilty by a jury of the crime of robbery. He seeks a reversal on two grounds: (1) That the police officers who stopped the automobile in which he was riding did not have legal cause to do so and (2) that the search of the vehicle was unlawful. We reject both contentions, and we affirm Johnson's conviction.

On the night of December 21, 1968, James Kramer, night manager of the Cimarron Motel in Las Vegas, was robbed of his wallet and money by two armed men. After the robbers left, Kramer immediately telephoned the police and gave the police dispatcher a description of the getaway car as a yellow, two-door 1955 Chevrolet bearing a white license plate with green numerals. An all-points bulletin was broadcast at once to the city police patrol cars, and about two minutes later two officers observed a vehicle similar to the description given by the victim, Kramer. The officers stopped the car. Johnson and his companion were in the vehicle, and they were ordered out of the car. The officers searched both men and their car and found their weapons and the victim's wallet. They were arrested, charged with robbery, and convicted.

1. The police officers had every right to stop Johnson's vehicle, for they had reason to believe a felony had been committed, and the vehicle they stopped closely resembled the description provided by Kramer.

As we said in Robertson v. State, 84 Nev. 559, 562, 445 P.2d 352, 353 (1968):

"It is now the settled law of this state that an officer may stop the occupants of an automobile for legitimate police investigation so long as there is probable cause for that action. [Citations.] This action is proper even though there is not probable cause for arrest at the moment. But if the investigation conducted, together with knowledge originally available to the officers combines to supply probable cause for arrest, it may then be made, and a reasonable, incidental search conducted." Sharkey v. State, 85 Nev. 574, 459 P.2d 769 (1969); Barnes

v. State, 85 Nev. 69, 450 P.2d 150 (1969); Harper v. State, 84 Nev. 233, 440 P.2d 893 (1968).

2. Since the officers had every legal right to stop Johnson's vehicle, they had the right to search it. We ruled in Barnes v. State, supra, 85 Nev. at 72, 450 P.2d at 152:

"In a recent decision of this court, Robertson v. State [supra], we held that a police officer may 'stop the occupants of an automobile for legitimate police investigation so long as there is probable cause for that action. [Citations.]' We think that same rule applies to individuals where, as here, appellant was reasonably within the area of the robbed office and met a reasonable description of the robber.

*"Once the suspect has been detained, if the officer has reason to believe that the suspect is armed and presently dangerous to the officer or to others, he may 'take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm.'* Terry v. Ohio, 392 U.S. 1 (1967)." (Emphasis added.) See Chimel v. California, 395 U.S. 752 (1969); Thomas v. Sheriff, 85 Nev. 551, 459 P.2d 219 (1969).

The judgment of conviction is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.