## KENNETH M. ROLAND, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11608

March 25, 1980                                              608 P.2d 500

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Howard Douglas Clark* and *Booker T. Evans,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Kenneth M. Roland for unlawfully possessing a short-barreled shotgun.[1] The facts are not in dispute.

---

[1] Unlawful possession of such a weapon is prohibited by NRS 202.275, which reads in part:

Police videotaped appellant and Ricky Dwayne Williams on April 25, 1978, as they negotiated the sale of a short-barreled shotgun to an undercover officer. The appellant, using a false name, bargained with the officer as to price. During the discussions, Ricky Williams left the building, returning with the shotgun. While negotiations continued, the shotgun remained in the physical possession of Ricky Williams. Appellant directed the officer to pay Williams the price agreed upon.

On appeal, appellant cites as error the trial court's refusal to give an instruction defining "possession," and the court's instructing the jury concerning principals in crime.

1. Instruction as to possession.

The trial court gave the following instruction without objection:

"Instruction No. 6: It is a crime for any person to have in his personal or constructive possession a shotgun having a barrel of less than 18 inches in length. Such possession constitutes the crime of possession of a short-barreled shotgun."

The appellant requested that the court give the following instruction:

> Defendant's Proposed Instruction A: Possession means that one must have dominion and control over the property. Being merely present at the location, or being merely a spokesman for the true possessor, is not necessarily enough. One must oneself have dominion and control over the property in order to possess it, under the law.

The trial court refused the proposed instruction.[2]

It is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another given to the jury. Beets v. State, 94 Nev. 89, 575 P.2d 591 (1978); Geary v. State, 91 Nev. 784, 793, 544 P.2d 417, 423 (1975). This is so even though the offered instruction correctly states the law. Azbill v. State, 88 Nev. 240, 251-252, 495 P.2d 1064, 1071 (1972). It does not appear that the proposed instruction added anything with any degree of precision on a question of importance in the case. Instead, the proposed instruction tended to eliminate elements which were circumstantial and

---

"202.275 Unlawful possession, manufacture, disposition of short-barreled rifle, short-barreled shotgun: Penalty; exceptions.

"1. Any person who unlawfully possesses, manufactures or disposes of any short-barreled rifle or short-barreled shotgun shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years. . . ."

[2]The trial court refused the proposed instruction on the basis that the instruction was improper, amounted to an exoneration of the defendant and contained matters better argued to a jury.

helpful to the State. Instructions on every aspect of the case must be given clearly, simply and concisely, in order to avoid misleading the jury or in any way overemphasizing either party's case. *See* Guerra v. Handlery Hotels, Inc., 347 P.2d 674 (Cal. 1959); People v. Rice, 131 Cal.Rptr. 330, 333 (Cal.App. 1976).

2.  Instructions as to principals.

The following instructions were given to the jury:

"Instruction No. 8:   To be considered a principal, a person must have (1) committed the act constituting the offense and/or (2) aided or abetted in the commission of the act constituting the offense, and/or (3) directly or indirectly counseled, encouraged, hired, commanded, induced, or procured another to commit the offense."

"Instruction No. 9:   To aid under the law is knowingly to aid, support, help or assist in the commission of a crime; it is the intentional doing of some act to render aid to the actual perpetrator of the crime."

"Instruction No. 10:   The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred."

The appellant contends that the court erred in giving instructions 8, 9, and 10 because the appellant could not aid and abet another in the crime of possession of a short-barreled shotgun. In our view, however, it is clear that an individual can aid and abet a possessory crime. *See, e.g.,* People v. Storr, 527 P.2d 878, 881–82 (Colo. 1974); People v. Francis, 450 P.2d 591, 595 (Cal. 1969); *see, generally,* Annotation, 47 A.L.R.2d 1239 (and cases cited therein). Appellant has not suggested that any of the three challenged instructions was *per se* improper.

Under NRS 195.020, it was necessary to show that a crime had been committed, and that appellant, if present, aided and assisted it. State v. Cushing, 61 Nev. 132, 145, 120 P.2d 208, 215 (1941). Here, Williams had actual possession of a short-barreled shotgun in violation of the law. A jury could reasonably conclude that appellant, by his presence and negotiations, aided and assisted Williams in retaining possession of the prohibited weapon until such time as a price satisfactory to both was obtained from the officer. *Cf.* Dutton v. State, 94 Nev.

461, 581 P.2d 856 (1978). *See also* Edwards v. State, 90 Nev. 255, 258, 524 P.2d 328, 331 (1974); State v. O'Keefe, 23 Nev. 127, 131, 43 P. 918, 919 (1896).

The court did not err in giving instructions 8, 9 and 10 to the jury.

The judgment of conviction is affirmed.