CHARLES EDWARD FRANKLIN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11366

April 30, 1980                                   610 P.2d 732

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Charles Edward Franklin appeals his conviction by jury verdict of robbery with use of a deadly weapon, possession of a

short-barreled shotgun, and carrying a concealed weapon. He argues that (1) the police did not have probable cause to stop him or to arrest him; (2) his confession was involuntary; and (3) the prosecutor erroneously argued that Franklin could be convicted as an aider and abettor of possession of a short-barreled shotgun. We affirm.

Between 4:30 a.m. and 5:30 a.m. on April 16, 1978, three men robbed the customers and bartender at a Las Vegas bar. A few minutes later, a police radio broadcast described the suspects as three Negro male adults, one of whom was bearded and was wearing a black leather coat and carrying a revolver. Another suspect was armed with a sawed-off shotgun. The getaway car was described as a black 1967 Ford LTD.

Within minutes, a police officer spotted a dark LTD driven by a Negro male, later identified to be Franklin, approximately 10 blocks from the bar. No other occupants were visible. The officer broadcast his observation and began following the suspect car. Franklin immediately changed direction by making a U-turn. The police stopped the vehicle and ordered Franklin to lie face-down on the ground. Franklin then told the officers that two other people were in the car. After the other two alighted, the officers placed all three men under arrest based upon their similarity to the broadcast description of the suspects and the description of the car.

A search incident to Franklin's arrest revealed a .22 caliber pistol. A sawed-off shotgun and money were in plain view inside the car. All evidence was seized and admitted at trial.

I.

Franklin argues that the police were not justified in pulling him over because they acted on mere suspicion unsupported by articulable facts. An officer may stop and question an individual if the officer reasonably believes, in light of his or her experience and based upon specific, articulable facts, that criminal activity is afoot. Stuart v. State, 94 Nev. 721, 587 P.2d 33 (1978); Terry v. Ohio, 392 U.S. 1 (1968); NRS 171.123.

Probable cause to stop a motorist exists when officers have reason to believe that a felony was committed in the area, and the vehicle is similar to the broadcast description of the getaway car. Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978); Johnson v. State, 86 Nev. 52, 464 P.2d 465 (1970). Because the police were aware that a robbery had been committed, and because Franklin's car appeared to match the description, police had reasonable cause to stop Franklin.

When circumstances, short of probable cause for arrest, justify a temporary investigatory stop, any facts revealed by the investigation may create probable cause for arrest. *Washington,* 94 Nev. at 184; *Johnson,* 86 Nev. at 53; Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968). Probable cause for arrest exists if the facts and circumstances known to the officer at the time of the arrest would lead a prudent person to believe that a felony was committed by the defendant. Block v. State, 95 Nev. 933, 604 P.2d 338 (1979).

In this case, officers knew a felony had been committed by three men, one of whom had a beard and was wearing a black leather coat. By the time of Franklin's arrest, the officers had discovered that he matched that description. They also had discovered two other occupants in the car. Based upon the facts known to them, the officers had probable cause to arrest Franklin. The fruits of the arrest and of the incidental search were admissible at trial.

## II.

Franklin contends that his confession was induced by promises of leniency and, therefore, was involuntary and inadmissible. Following his arrest, Franklin had a couple of discussions with a police detective about other robberies in Los Angeles and Las Vegas. Franklin was told that if he cooperated with California authorities by testifying in Los Angeles, and if California issued a warrant for him, then Las Vegas police would obtain an "own recognizance" release for him until after he testified.[1] The detective promised that he would recommend leniency, and would try to have Franklin tried separately from his co-defendants when he returned to Las Vegas to face the robbery charges.[2] About a week after their last meeting, the detective visited Franklin again, accompanied by two California officers. After advising Franklin of his *Miranda* rights,[3] Franklin was taken to the detective bureau where he confessed to the robbery at the Las Vegas bar.[4]

[1]Because no warrant was issued and California authorities never requested that Franklin testify, he was not released.

[2]Franklin was tried separately.

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

[4]Franklin denies being advised of his *Miranda* rights before he signed his statement. However, the rights were written at the top of his signed statement and the officer testified that he verbally advised Franklin of his rights before removing him from his cell. The district judge's finding that Franklin was sufficiently apprised of his rights is supported by the evidence.

A confession is admissible as evidence only if it is made freely, voluntarily, and without compulsion or inducement. Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967); Bram v. United States, 168 U.S. 532 (1897) (it "must not be extracted by any . . . direct or implied promises, however slight"); People v. Carr, 502 P.2d 513 (Cal. 1972). The promise to release Franklin on his own recognizance was not a promise of leniency because after testifying in California, Franklin was to return to Las Vegas to face the robbery charges for which he was subsequently convicted. The promise to recommend a lighter sentence did not render the confession involuntary. Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966) (agent offered to assist defendant in obtaining bail and to bring defendant's cooperation to prosecutor's attention). *Accord,* People v. Wischemann, 156 Cal. Rptr. 386 (Cal.App. 1979). *Cf.* State v. Wakinekona, 499 P.2d 678 (Hawaii 1972) (prosecutor said he might try to help codefendant if codefendant testified; testimony admissible). The district judge's conclusion that Franklin was not improperly induced to confess is supported by substantial evidence and will not be disturbed on appeal. Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977).[5]

## III.

Finally, Franklin argues that the prosecutor misstated the law in his closing argument when he said that Franklin could be convicted of possessing a short-barreled shotgun. According to Franklin, he personally must have possessed the gun in order to be convicted under NRS 202.275(1).[6]

NRS 195.020 permits conviction, as a principal, of any person who aids and abets the commission of a felony or who counsels, encourages, induces or otherwise procures another to commit a felony. We recently held that an individual can aid and abet a possessory crime. Roland v. State, 96 Nev. 300, 608 P.2d 500 (1980). Franklin's accomplice clearly had possession of the shotgun during the robbery. A jury could reasonably conclude that Franklin aided or encouraged that possession.

In addition, a jury could reasonably conclude that Franklin had dominion over, and the right to possess, the shotgun found on the front floorboard of the car he was driving. *See* State v.

[5]The issue of voluntariness was also submitted to the jury.

[6]NRS 202.275(1):

Any person who unlawfully possesses, manufactures or disposes of any . . . short-barreled shotgun shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years.

Atkinson, 523 P.2d 737 (Kan. 1974). The law was neither misrepresented by the prosecutor nor misapplied by the jury. Franklin was properly convicted as a principal in possession of a short-barreled shotgun.

The judgment of conviction is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.