STEVEN JOSEPH PUGLISI, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 17001

December 4, 1986                              728 P.2d 435

*Morgan D. Harris,* Public Defender, *Craig B. Davis,* Deputy
Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J.
Miller,* District Attorney, *James Tufteland,* Deputy District
Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Puglisi was convicted of burglary and possession of
a burglary tool, namely, a shopping bag. He challenges the
burglary conviction on the ground that the district court erred in
refusing to give an instruction on petit larceny. He challenges the
burglary tool conviction on the ground that a shopping bag is not
a burglary tool. We agree with Puglisi on the burglary tool claim
and reverse. The burglary conviction is affirmed.

The facts of this case are as follows: On June 6, 1985, Carol
Parker was employed as a security guard for Sears. Parker sat in

a "camera room" where she could observe television monitors which displayed the entire store. Through control of the monitors and a number of cameras located throughout the store Parker could follow any particular person anywhere in the store.

At approximately 1:00 p.m. Parker observed the appellant, Puglisi, standing around the cosmetics department. Parker testified that her attention was drawn to Puglisi because he had been in the store the day before, dressed in the same clothes and acting suspiciously. With the aid of the closed circuit camera, Parker saw Puglisi place three individually boxed bottles of Sears' most expensive perfume in the plastic shopping bag he was carrying. Parker then notified another Sears security agent, David Halter, as to what she had observed. Halter was on the floor of the store and, using directions provided by Parker, caught Puglisi just after he had exited Sears. Puglisi had not stopped to pay for the perfume.

Puglisi was escorted to the Sears security office where, according to Halter, he admitted entering the store with the intent to steal perfume. Puglisi's testimony on this point differs from Halter's and is critical to the issue involved in this appeal. Puglisi freely admitted that he stole the perfume; however, he denied that he had entered the Sears store with the intent to do so. Puglisi stated that the day before the incident he had gone to the Sears store to find an acquaintance named Linda Mehler. Mehler was employed as a Sears security guard, and Puglisi thought he might be able to borrow some money from her. Mehler was not at work that day. Puglisi returned the next day and was again unable to find Mehler. According to Puglisi's version of the events, it was then that he formed the intent to steal the perfume.

### Refusal to Give Larceny Instruction

Puglisi maintains it was error not to have instructed the jury on the elements of petit larceny. There is no reason for the district court to have given this instruction. Puglisi was not charged with larceny, grand or petit. Petit larceny is not a lesser included offense in a burglary charge. *See* Jones v. State, 95 Nev. 613, 600 P.2d 247 (1979); Jackson v. State, 93 Nev. 677, 512 P.2d 927 (1977). The jury was instructed on the definition of larceny as it relates to burglary. There is no error here. State v. Sugimoto, 614 P.2d 386 (Haw. 1980) (court may instruct on offense not specifically charged in indictment only when it is a lesser included offense of the original charge); see State v. Bishop, 491 P.2d 1359 (Wash.App. 1971).

## Possession of Burglary Tools

Puglisi's charge of possession of burglary tools was based on his having had in his possession a plastic, (Las Vegas) souvenir-type shopping bag.

NRS 205.080 defines the crime of possession of an instrument with burglarious intent.[1] It is unlawful for a person to have in his possession any tool or "implement adapted, designed or commonly used for the commission of burglary, larceny or other crime." NRS 205.080.

In the broadest sense it can be argued that a bag is "commonly used for the commission of burglary, larceny, or other crime," but so are trouser pockets, pocket books, coat sleeves, girdles[2] and Adidas.

The state refers to a case involving a box that had been remodeled with a hinged bottom. We might not quarrel with a holding that such an implement would come within the meaning of the statute. Still, bags, purses, trousers and girdles are not burglar tools.

Other assignments of error are without merit. The burglary conviction is affirmed; the possession of burglary tools conviction is reversed.

---

[1]205.080 Possession of instrument with burglarious intent; making, alteration or repair of instrument for committing offense.

1. Every person who shall make or mend or cause to be made or mended, or have in his possession in the day or nightime, any engine, machine, tool, false key, picklock, bit, nippers or implement adapted, designed or commonly used for the commission of burglary, larceny or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used or employed in the commission of a crime, or knowing that the same is intended to be so used, shall be guilty of a gross misdemeanor.

2. The possession thereof except by a mechanic, artificer or tradesman at and in his established shop or place of business, open to public view, shall be prima facie evidence that such possession was had with intent to use or employ or allow the same to be used or employed in the commission of a crime.

[2]Respondent calls our attention to *In the Matter of Charlotte K.*, 427 N.Y.S.2d 370 (Fam.Ct. 1980), in which the court held that it would be "stretching" the plain meaning of the penal code to call a girdle a burglar tool. The court observed that the "tools and instruments covered by the statute are the hand gadgets used to break in and pick up, and not bags to carry out." In another New York case, *People v. Lyons*, 41 N.Y.S. 646 (Ct.Gen.Ses. 1896), the court held that under the New York statute, one very similar to ours, a bag used for shoplifting was not a burglar's tool: "In the ordinary acceptation of the words of the English language, I think no one would naturally, and in ordinary conversation, describe a muslin bag as an implement or a tool or an engine or an instrument." 41 N.Y.S. at 646.