SHERIFF, PERSHING COUNTY, Appellant, v.
NICKOLAS MARK ANDREWS, Respondent.

No. 58713

October 4, 2012                                    286 P.3d 262

*Jim C. Shirley*, District Attorney, and *R. Bryce Shields*, Deputy District Attorney, Pershing County, for Appellant.

*Steven W. Cochran*, Public Defender, Pershing County, for Respondent.

Before SAITTA, PICKERING and HARDESTY, JJ.

## OPINION

By the Court, SAITTA, J.:

Respondent Nickolas Mark Andrews was in custody at the Pershing County jail when officers discovered a cell phone hidden in a box beneath his bed. The State charged Andrews under NRS 212.093(1), which, in pertinent part, prohibits prisoners, including county jail inmates, from possessing ''any key, picklock, bolt cutters, wire cutters, saw, digging tool, rope, ladder, hook or any other tool or item adapted, designed or commonly used for the purpose of escaping'' from custody. After being bound over to the district court, Andrews filed a pretrial petition for a writ of habeas corpus seeking to dismiss the charge, primarily arguing that NRS 212.093(1) is unconstitutionally vague and overbroad, and that, by its terms, the statute does not prohibit the possession of cell phones. The district court agreed with Andrews and dismissed the charge. The State now appeals; we affirm.

In its appeal, the State argues, almost exclusively, that the district court erred in determining that NRS 212.093(1) is unconstitutional. It is well settled, however, that we should avoid considering the constitutionality of a statute unless it is absolutely necessary to do so. *See, e.g., Anthony Lee R., A Minor v. State*, 113 Nev. 1406, 1417 n.6, 952 P.2d 1, 8 n.6 (1997) (declining to consider whether a statute was unconstitutionally vague where principles of statutory construction fully resolved the case); *State v. Curler*, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902) ("[I]t is a well-established rule of this and other courts that constitutional questions will never be passed upon, except when absolutely necessary to properly dispose of the particular case . . . ."). In keeping with this practice, we decline to reach the constitutionality of NRS 212.093(1), because by the statute's plain language, it does not prohibit the possession of cell phones. Thus, the district court correctly dismissed the charge against Andrews on that ground.

"Statutory interpretation is a question of law subject to de novo review." *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). In construing a statute, our analysis begins with its text. *In re State Engineer Ruling No. 5823*, 128 Nev. 232, 239, 277 P.3d 449, 453 (2012). We construe "multiple legislative provisions . . . as a whole," *Gaines v. State*, 116 Nev. 359, 365, 998 P.2d 166, 169 (2000), and "attribute the plain meaning to a statute that is not ambiguous." *Catanio*, 120 Nev. at 1033, 102 P.3d at 590.

NRS 212.093(1) reads:

> Except as otherwise provided in subsection 4, a prisoner who is in lawful custody or confinement, other than residential confinement, *shall not knowingly manufacture, possess or have in his or her custody or control any key, picklock, bolt cutters, wire cutters, saw, digging tool, rope, ladder, hook or any other tool or item adapted, designed or commonly used for the purpose of escaping* or attempting to escape from lawful custody or confinement, whether or not such an escape or attempted escape actually occurs.

(Emphasis added.)

Thus, NRS 212.093(1) makes it unlawful for prisoners, including county jail inmates, to possess certain items. But, as lawmakers often do, rather than attempting to list the entire universe of items that it wished to prohibit, the Nevada Legislature set forth a few concrete examples of devices that it was particularly concerned about and included a provision to cover similar items.

More specifically, the Legislature proscribed the possession of "any key, picklock, bolt cutters, wire cutters, saw, digging tool, rope, ladder, hook," or other devices that are "adapted, designed or commonly used for the purpose of escaping."

The State acknowledges that NRS 212.093(1) does not expressly prohibit cell phones, but it argues that the phrase "designed or commonly used for the purpose of escaping" brings cell phones within the scope of the statute. We disagree. As the State conceded during oral argument, this phrase is simply a catchall provision. Thus, read together, the enumerated items and catchall provision make clear that the aim of the statute is to prohibit the possession of devices used to forcibly break out of, or physically flee from, a jail cell. The best indicium of meaning, of course, is the language of NRS 212.093(1). Each item specified therein is ordinarily understood, as it concerns jail settings, to either forcibly manipulate the confines of a jail cell—keys, picklocks, bolt cutters, wire cutters, saws, and digging tools—or physically exit from a jail cell— ropes, ladders, and hooks. In stark contrast to the items enumerated in NRS 212.093(1), it would be virtually impossible to use a cell phone to forcibly break out of, or physically flee from, a jail cell. Indeed, as the district court aptly noted during the hearing on Andrews' petition for a writ of habeas corpus, "there is nothing remotely similar with a cell phone to a key, pick lock, bolt cutters, wire cutters, saw, digging tool, rope, ladder, [or] hook."

The State's overambitious reading of NRS 212.093(1) is akin to an interpretation that we rejected in *Puglisi v. State*, 102 Nev. 491, 728 P.2d 435 (1986). There, we considered whether "a plastic, (Las Vegas) souvenir-type shopping bag" fell within the purview of NRS 205.080, which prohibited, in relevant part, the possession of any tool commonly used for burglary. *Id.* at 493, 728 P.2d at 436-37. In rejecting the notion that such an item was a burglary tool, we reasoned that "[i]n the broadest sense it can be argued that a bag is commonly used for the commission of burglary, larceny, or other crime, but so are trouser pockets, pocket books, coat sleeves, girdles and Adidas." *Id.* at 493, 728 P.2d at 437 (footnote omitted) (internal quotation omitted). Applying this reasoning here exposes the frailty of the State's interpretation of NRS 212.093(1). In the broadest sense, a cell phone could arguably be used to assist in an escape as it could be used to help enlist a third party to provide a getaway ride once an inmate has already fled from his or her jail cell. But, by this rubric, virtually any item—even shoes or spectacles—could fall within the scope of the statute because it could help an inmate to escape or evade recapture. Thus, if the State's argument were credited, then practically any item could fall within the scope of the statute.

Our conclusion that NRS 212.093(1) does not prohibit the possession of cell phones is further bolstered by reference to NRS 212.165(3), which provides, in pertinent part, that an inmate in state prison "shall not, without lawful authorization, possess or have in his or her custody or control a portable telecommunications device." As Andrews points out, NRS 212.165(3) demonstrates that the Legislature clearly knows how to prohibit inmates from possessing cell phones but did not do so with respect to county jail inmates. Under long-standing principles of statutory construction, it is appropriate to infer from this distinction that the Legislature's omission of cell phones from NRS 212.093(1) was deliberate. *See Butler v. State*, 120 Nev. 879, 902, 102 P.3d 71, 87 (2004) (GIBBONS, J., concurring in part and dissenting in part) (noting the well-established rule of construction that the inclusion of one thing indicates that the omission of another was intentional).[1] In sum, we conclude that by its plain and unambiguous language, NRS 212.093(1) does not prohibit county jail inmates from possessing cell phones. Accordingly, we affirm the district court order dismissing the statutory charge against Andrews.

PICKERING and HARDESTY, JJ., concur.

---

[1]The State suggests that NRS 212.165(3) is more specific than NRS 212.093(1) and that the statutes are conflicting. Therefore, it argues that we should harmonize the two statutes by adopting its interpretation of NRS 212.093(1). The State's argument is disingenuous because it cannot be said that NRS 212.165(3) is more specific than NRS 212.093(1) or that the statutes are somehow conflicting. Indeed, they concern entirely different circumstances. NRS 212.165(3) is relevant, as it relates to NRS 212.093(1), because it shows that the Legislature knows how to prohibit cell phones but chose not to do so in NRS 212.093(1).