DOUGLAS, C.J., concurring:
The district court correctly determined that the prosecutor does not have an executive veto power over the judiciary pursuant to NRS 176A.290(2) ; however, the court-as well as my colleagues-commits the mistake of relying on the separation of powers doctrine to reach this conclusion, while not first looking to the specific statutory language. The statutory language here is permissive, and thus, the district court retained the discretion to assign Hearn to the specialty program without the prosecuting attorney's stipulation to the assignment.
We have consistently held "that we should avoid considering the constitutionality of a statute unless it is absolutely necessary to do so." Sheriff v. Andrews, 128 Nev. 544, 546, 286 P.3d 262, 263 (2012) (emphasis added); accord State v. Curler, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902) (noting that "it is a well-established rule of this and other courts that constitutional questions will never be passed upon, except when absolutely necessary to properly dispose of the particular case"). Indeed, on at least one occasion, we have declined to consider the constitutionality of a statute when principles of statutory construction resolved the case. See Anthony Lee R. v. State, 113 Nev. 1406, 1417 n.6, 952 P.2d 1, 8 n.6 (1997). As demonstrated below, such is the case here.
When interpreting statutes, "if the language of a statute is clear on its face, we will ascribe to the statute its plain meaning and not look beyond its language." Koller v. State, 122 Nev. 223, 226, 130 P.3d 653, 655 (2006) (internal quotation marks omitted). Additionally, this court gives effect and "meaning to all words, phrases, and provisions of a statute." Haney v. State, 124 Nev. 408, 412, 185 P.3d 350, 353 (2008). Furthermore "every reasonable construction must be resorted to in order to save a statute from unconstitutionality." State v. Castaneda , 126 Nev. 478, 481, 245 P.3d 550, 552, opinion modified on denial of reh'g (2010) (quoting Hooper v. California, 155 U.S. 648, 657, 15 S.Ct. 207, 39 L.Ed. 297 (1895) ); accord Virginia & Truckee R.R. Co. v. Henry, 8 Nev. 165, 174 (1873) ("It requires neither argument nor reference to authorities to show that when the language of a statute admits of two constructions, one of which would render it constitutional and valid and the other unconstitutional and void, that construction should be adopted which will save the statute."). "Moreover, the rules of statutory interpretation that apply to penal statutes require that provisions which negatively impact a defendant must be strictly construed, while provisions which positively impact a defendant are to be given a more liberal construction." Mangarella v. State, 117 Nev. 130, 134, 17 P.3d 989, 992 (2001) ("[a]pplying these rules to NRS 176A.410(1)(e)" to hold that the statute was not unconstitutionally overbroad because "the scope of polygraph examination must be limited to questions relating to the use of controlled substances by the defendant" and the statute "does not permit a probation officer to conduct a polygraph examination on any issue").
As noted by the majority, NRS 176A.290(2) provides in part:
If the offense committed by the defendant involved the use or threatened use of force or violence or if the defendant was previously convicted in this State or in any other jurisdiction of a felony that involved the use or threatened use of force or violence, *162 the district court, justice court or municipal court, as applicable, may not assign the defendant to the program unless the prosecuting attorney stipulates to the assignment.
(Emphasis added.) The majority concludes that this affords an executive veto power over the judiciary because it requires that a prosecutor stipulate to the district court's decision. Majority opinion ante at 159. "But this reading ignores the statute's use of the permissive 'may,' " Nev. Pub. Emps. Ret. Bd. v. Smith , 129 Nev. 618, 627, 310 P.3d 560, 566 (2013). "It is a well-settled principle of statutory construction that statutes using the word 'may' are generally directory and permissive in nature, while those that employ the term 'shall' are presumptively mandatory," Id. (quoting Nev. Comm'n on Ethics v. JMA/Lucchesi, 110 Nev. 1, 9-10, 866 P.2d 297, 302 (1994) ); see also Barral v. State , 131 Nev. 520, 523, 353 P.3d 1197, 1198 (2015) (holding that a district court has no discretion where the statute includes the term "shall").
NRS 176A.290(2) states that the court "may not assign the defendant to the program" without the prosecuting attorney's stipulation, but the statute does not state that the court "shall not" or "must not," The Legislature could have used the term "shall" to impose a duty on the courts to refrain from assigning a defendant to the program unless the prosecuting attorney stipulated to the assignment. See NRS 0.025(1)(d) (defining "shall" as "impos[ing] a duty to act"); see also 1A Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 21:8 (7th ed. 2009) ("When the action is mandatory 'shall' should always be employed. When the action is permissive "may" should be used."). Indeed, the Legislature has done so in other statutes. See NRS 16.110(1) ("After the [jury] instructions are given, the judge shall not clarify, modify or in any manner explain them to the jury except in writing unless the parties agree to oral instructions." (emphasis added) ); NRS 176.0611(4) ("If a fine is determined to be uncollectible, the defendant is not entitled to a refund of the fine or administrative assessment the defendant has paid and the justice or judge shall not recalculate the administrative assessment," (emphasis added) ). If there were any doubts, the sentence after the one relied upon here by the majority demonstrates that the Legislature knew how to use "shall" instead of "may" when imposing an affirmative duty on the court:
For the purposes of [ NRS 176A.290(2) ], in determining whether an offense involved the use or threatened use of force or violence, the district court, justice court or municipal court, as applicable, shall consider the facts and circumstances surrounding the offense, including, without limitation, whether the defendant intended to place another person in reasonable apprehension of bodily harm.
NRS 176A.290(2) (emphasis added).
Instead, the Legislature chose to state that the court "may not" assign defendants to the program without the prosecuting attorney's stipulation. As clarified by NRS 0.025(1)(b), the term "may not," unless expressly provided otherwise, "abridges or removes a right, privilege or power." (Emphasis added.) In the context of NRS 176A.290(2), I would interpret it as abridging the court's discretion to assign defendants to the program by requiring it to seek input from the prosecuting attorney when determining whether to assign a defendant to the program. However, it would not prevent the court from assigning defendants to the program if the prosecuting attorney does not so stipulate, so long as the court sought the input from the prosecuting attorney.
Such an interpretation would "save [the] statute from unconstitutionality," Castaneda, 126 Nev. at 481, 245 P.3d at 552 (internal quotation marks omitted), because the statute would not give the prosecuting attorney an executive veto over the judiciary. Indeed, we need not reach the constitutionality of the statute, as traditional principles of statutory construction would resolve the case. See Anthony Lee R., 113 Nev. at 1417 n.6, 952 P.2d at 8 n.6. Moreover, this interpretation is consistent with our prior holdings that penal statutes "which negatively impact a defendant must be strictly construed," Mangarella, 117 Nev. at 134, 17 P.3d at 992, as there is no doubt that requiring the prosecuting attorney *163 to stipulate to the defendant's assignment to the program negatively impacts the defendant.
I agree with my colleagues that an executive veto over the judiciary in this case would violate the separation of powers doctrine. However, that is not what we have here. Because I believe the majority s logic ignores the language of the statute and reaches an unnecessary issue, I write separately and concur as to the result only.