# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STEPHEN SILBERKRAUS; CHELYN SAWYER; DAVID SATORY; CLAIRE ROTH; NEIL ROTH; AND KATHRYN MCKENZIE, SIGNATORIES OF THE NOTICE OF INTENT TO RECALL, Appellants, vs. JOYCE WOODHOUSE, IN HER CAPACITY AS NEVADA STATE SENATOR FOR SENATE DISTRICT 5; NICOLE J. CANNIZZARO, IN HER CAPACITY AS NEVADA STATE SENATOR FOR SENATE DISTRICT 6; BARBARA CEGAVSKE, IN HER OFFICIAL CAPACITY AS NEVADA SECRETARY OF STATE; AND JOSEPH P. GLORIA, IN HIS OFFICIAL CAPACITY AS REGISTRAR OF VOTERS FOR CLARK COUNTY, NEVADA, Respondents. | No. 76040 <br><br> **FILED** <br><br> APR 1 9 2019 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

## ORDER OF AFFIRMANCE

Appeal from a final judgment in consolidated actions challenging the sufficiency of two petitions to recall a state senator. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Senators Cannizzaro and Woodhouse were elected on November 8, 2016. Shortly after this election, citizens from Cannizzaro's and Woodhouse's districts filed a notice of intention to petition for each of the senators' recall. Thousands of citizens signed these petitions, including the appellants. Both recall petitions were timely submitted to the registrar with the requisite signature forms. From there, the registrar verified the

signatures. To verify the submitted signatures, the registrar followed the statistical verification process outlined in NRS Chapter 293. After verifying the signatures, the registrar certified that both the Cannizzaro and Woodhouse petitions qualified to trigger a recall election. While the Woodhouse and Cannizzaro recall petitions were being verified, Woodhouse and Cannizzaro began circulating strike requests under NRS 306.040(2). Following the submission of these strike requests, Woodhouse and Cannizzaro filed complaints with the district court, which were later consolidated, to challenge the registrar's verification.

Before the district court, Woodhouse and Cannizzaro argued that the registrar failed to remove thousands of invalid signatures based on their own independent review of the signatures. Additionally, they both argued that the strike requests needed to be reconciled against the signatures on the filed recall petitions. The appellants argued that their review of the signatures showed that significantly fewer signatures were invalid than Woodhouse and Cannizzaro contended. Further, the appellants argued that the NRS 306.040(2) strike requests were unconstitutional under the Nevada Constitution. After a hearing, the district court issued an order concluding that NRS 306.040(2) was constitutional, and ordering the registrar to do a full verification of the signatures in order to reconcile the strike requests.

Thereafter, the registrar submitted a full verification of both petitions to recall to the district court. The results of the full verification showed that the Woodhouse petition was 196 signatures short of qualifying, and that the Cannizzaro petition was 506 signatures short of qualifying. These numbers did not include the reconciled strike requests. After reviewing the full verification, the district court issued an order concluding

 

that both petitions did not qualify, and that a special election must not be held. The appellants now appeal.

*The district court did not abuse its discretion by ordering a full verification of the petition signatures and accepting the results of that verification*

The appellants argue that the district court abused its discretion by ordering a full verification because the district court had no reason to doubt the original statistical verification, and that the district court abused its discretion by accepting the results of the full verification. We disagree.

NRS 306.040(5) gives both parties the power to challenge the legal sufficiency of a petition with the district court after the petition is filed. The district court then has the duty to review the registrar's and the Secretary of State's determination of the legal sufficiency of the petition. *See* NRS 306.040(5)-(6). As such, the district court is reviewing a factual record developed by the registrar and Secretary of State, similar to when the district court reviews an administrative agency's factual determinations. It is well established that when a district court acts as a reviewing court over administrative agencies it has the power to remand the case to the agency for further factual determinations. *See, e.g., Gen. Motors v. Jackson*, 111 Nev. 1026, 1029-30, 900 P.2d 345, 348 (1995) ("[T]he district court [has] the power to reverse and remand a decision for a factual determination where there is no evidence on the record to decide the issue. This court has also recognized that a reviewing court has the inherent authority to remand administrative agency cases for factual determinations."). We review the district court's factual findings and decision for an abuse of discretion, and will not overturn the district court's findings unless they are "clearly erroneous or not supported by substantial

evidence." *Jackson v. Groenendyke*, 132 Nev. 296, 300, 369 P.3d 362, 365 (2016).

Here, the district court had various reasons to order a full verification of the petition signatures. First, numerous strike requests submitted in accordance with NRS 306.040(2) had to be reconciled. The only manner in which to remove names of signatories who had submitted valid strike requests is to review all the petition signatures to determine if the person who submitted the strike request also signed the petition. Thus, an order for a full verification was necessary to take the strike requests into account.

Second, there was substantial evidence to call into question the validity of the registrar's statistical verification. By the time that this dispute was before the district court, numerous reviews of the Woodhouse and Cannizzaro recall petition signatures had been conducted. The registrar had verified both petitions. Then, Woodhouse and Cannizzaro reviewed the registrar's verification. The appellants also reviewed the registrar's results and Woodhouse and Cannizzaro's reviews. The verification and the numerous reviews of that verification all had conflicting results. Therefore, the district court did not abuse its discretion by ordering a full verification to reconcile these conflicting results.

Ultimately, the full verification revealed that the original verification was flawed. The full verification showed that there were 14,216 valid signatures for the Woodhouse petition and 14,469 valid signatures for the Cannizzaro petition before counting the strike requests. This left the Woodhouse petition 196 signatures short of qualifying, and the Cannizzaro petition 506 signatures short of qualifying, all before counting the strike requests.

Thus, the district court did not err in accepting these results because nothing in the record indicates that these results were clearly erroneous. While the appellants argue that the full verification had errors that they uncovered with a re-verification of the full verification, the district court did not order a re-verification of the full verification. At some point the investigation into results must stop. The district court's determination that the full verification showed that the recall petition failed is supported by substantial evidence. As such, the district court did not abuse its discretion by accepting these results.[1]

*This court will not consider whether NRS 306.040 violates the Nevada Constitution*

Given the results of the full verification, this court does not need to consider whether strike requests, as allowed by NRS 306.040, violate the Nevada Constitution. We have consistently reaffirmed the principle that we will "avoid considering the constitutionality of a statute unless it is absolutely necessary to do so." *Sheriff, Pershing Cty. v. Andrews*, 128 Nev. 544, 546, 286 P.3d 262, 263 (2012); *see also, e.g., Cortes v. State*, 127 Nev. 505, 516, 260 P.3d 184, 192 (2011) ("Constitutional questions should not be decided except when absolutely necessary to properly dispose of the particular case. . . .") (internal quotation marks omitted); *State v. Curler*, 26 Nev. 347, 354, 67 P. 1075, 1076 (1902) ("[I]t is a well–established rule of this and other courts that constitutional questions will never be passed upon, except when absolutely necessary to properly dispose of the particular case. . . .").

---

[1]We need not consider the timeliness of the strike requests under the Nevada Administrative Code because neither petition qualified without accounting for the strike requests.

Both the Woodhouse and Cannizzaro recall petitions fail regardless of whether the strike requests are constitutional. As such, resolving this issue is not necessary to resolve the case before us. While the appellants present interesting legal arguments to support their position that NRS 306.040(2) is unconstitutional, at this point the question is merely academic. Therefore, we decline to determine whether NRS 306.040(2) is constitutional. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

 

cc: Hon. Jerry A. Wiese, District Judge
Hutchison & Steffen, LLC/Las Vegas
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Attorney General/Carson City
Perkins Coie, LLP/Washington DC
Clark County District Attorney/Civil Division
Attorney General/Las Vegas
Eighth District Court Clerk