SILVER, J., dissenting:
To pursue Special Immigrant Juvenile (SIJ) status, a child must first petition a state juvenile court to issue an order making special findings of fact that the child is dependent upon the court or legally committed to a court-appointed individual. In re Marisol N.H ., 115 A.D.3d 185, 979 N.Y.S.2d 643, 645 (2014). A state court must thereafter make findings that reunification with one or both of the parents is not viable and that it is not in the child's best interest to return to his or her home country. Id. Once a state court has issued the predicate findings, the child may petition the federal government for SIJ status. Id. The fact that a child has one fit parent available to care for him or her does not, by itself, preclude the issuance of special findings under the SIJ statute. Id. at 645-48. "[I]t is entirely consistent with the legislative aim of the [SIJ] statute to consider the plight *454 the child would face if returned to his or her native country"; therefore a child may be eligible for SIJ status where reunification with one parent is not viable and it is in the child's best interest to not return to his or her home country. Id. (concluding a family court erred by dismissing the children's petitions for the appointment of their mother as their guardian in order to pursue SIJ status, because a parent can be named as the guardian of his or her child, and the family court had refused to conduct a hearing on whether granting the mother's guardianship petition and potentially enabling the children to seek legal status in the U.S. was in the children's best interest).
In Nevada, NRS 3.2203 specifically details when a district court must make findings pursuant to the SIJ statutes: "during a proceeding held pursuant to chapter 62B, 125, 159, 159A or 432B of NRS." NRS 3.2203(2). If a statute is clear and unambiguous, we do not look beyond its plain language, and we strive to give effect to the plain meaning of its words and phrases. Davis v. Beling, 128 Nev. 301, 311, 278 P.3d 501, 508-09 (2012). Here, the statute clearly applies only to proceedings held pursuant to NRS Chapters 62B (Juvenile Court Proceedings), 125 (Dissolution of Marriage), 159 (Guardianship of Adults), 159A (Guardianship of Minors), or 432B (Protection of Children From Abuse and Neglect). By enumerating specific chapters and subchapters, yet omitting NRS Chapter 125C (Custody and Visitation), the Legislature placed NRS Chapter 125C child custody proceedings outside the scope of NRS 3.2203. See Antonin Scalia & Bryan A. Garner , Reading Law: The Interpretation of Legal Texts 107-11 (2012) (addressing the negative-implication canon); cf NRS 3.223 (specifically providing that the family court has jurisdiction over proceedings brought under NRS Chapter 125C, in addition to 125, 159A, 432B, and other delineated statutes).
Not only is NRS 3.2203(2) clear in this regard, but subsection 3 of the statute, which requires the child to have been placed under the custody of a state agency, department, or person "appointed by the court," likewise does not create ambiguity. Importantly, the "appointed" language relates back to the statutes enumerated earlier in that same subsection. NRS 3.2203(3) ("A person may include in a petition filed or motion made pursuant to chapter 62B, 125, 159, 159A or 432B of NRS a request that the court make the ... finding[ ] ... [that] [t]he child had been ... placed under the custody o f ... a person appointed by the court." (emphasis added)); cf State v . Plunkett , 134 Nev. Adv. Op. 88, 429 P.3d 936, 938-39 (2018) (addressing aider and abettor liability under NRS 212.165(4) and considering other subsections of the same statute in interpreting the statute's plain language). Accordingly, NRS 3.2203(3) when read as a whole is clear that for purposes of SIJ proceedings, the "person appointed by the court" must be appointed in a proceeding under one of those chapters enumerated earlier in the statute. Thus, the plain wording of NRS 3.2203 does not encompass an NRS Chapter 125C proceeding.
Instead of filing under one of the chapters enumerated in the statute, Amaya petitioned the district court under NRS Chapter 125C. Yet, NRS Chapter 125C is specifically excluded from NRS 3.2203, and the plain language of NRS 3.2203 does not mandate that the district court make findings for purposes of the SIJ statutes. Because Amaya petitioned the district court pursuant to NRS Chapter 125C, instead of petitioning the juvenile court for guardianship pursuant to NRS Chapter 159A, I agree with the district court here. The district court was not required to make specific findings because pursuant to NRS 3.2203, the child had not been "placed under the custody o f ... a person appointed by the court" in either temporary or permanent guardianship proceedings, which seems to be what Amaya really desired.
However, I believe nothing precludes Amaya from petitioning for guardianship pursuant to NRS Chapter 159A and thereafter seeking special findings, especially where such a request is unopposed as it was below. Amaya's desire for "specific findings" for SIJ status by the district court was thwarted, in my view, because she used the wrong vehicle to obtain them. Because this case involved a default in a child custody proceeding filed under NRS Chapter 125C, NRS 3.2203 is not *455 implicated. Therefore, I cannot say that under these particular facts the district court abused its discretion and should be reversed for failing to make the specific findings. Further, nothing would preclude Amaya from obtaining her desired result by petitioning again under a different statute encompassed by NRS 3.2203 even if we were to affirm the district court in this case. Accordingly, I respectfully dissent.